Holbrook *v.* Baker.

## HOLBROOK *vs.* BAKER.

The possession of a personal chattel, by the mortgagor, is not inconsistent with the mortgage, and furnishes, of itself, no conclusive evidence of fraud.

Nor is it a valid objection, by a creditor, against a mortgage of personal chattels, that it is made to cover future advances, if it is also made to secure an existing debt.

A chattel mortgaged, is not liable to be attached or seized in execution for the debt of the mortgagor, the money due to the mortgagee not having been paid, nor legally tendered.

REPLEVIN of a clock. The defendant, who was a constable, pleaded that the property was in one *Peachy*, which was traversed. He had attached the clock, for a debt due to one *Wilson*.

The plaintiff claimed it under a bill of sale, made after *Wilson's* debt accrued, by which *Peachy* conveyed the clock to him in mort-

gage, to secure the sum of fourteen dollars then due, and such further sum as might be due to him at the end of sixty days, within which time it might be redeemed by the mortgagor. The price of the clock was stated at fifty dollars ; and the sum due to the plaintiff had amounted to forty-five dollars, at the time of the attachment, which was before the expiration of the sixty days. The clock was screwed up in *Peachy's* house ; and he made a formal delivery to the plaintiff, by putting his hand on it, and saying he delivered it as his property ; but by permission of the plaintiff it remained in the same place till it was taken by the defendant ; who was then duly notified of the mortgage, the plaintiff at the same time observing that the clock would probably satisfy both *Wilson's* debt, and his own. The validity of this conveyance was contested, on the ground that it was without consideration, and void against creditors. All the evidence in relation to the alleged fraud was submitted to the jury ; who were instructed by the Chief Justice that if the conveyance, in their opinion, was without consideration and fraudulent, to find for the defendant ; but if they were of opinion that it was made for a valuable consideration, and was fair and honest, they would find for the plaintiff. And they returned a verdict for the plaintiff ; which was taken subject to the opinion of the court upon the correctness of the instructions given to them.

*Daveis* and *Morgan*, for the defendant, contended that the bill of sale was fraudulent and void against creditors, because the debt then due was not cancelled, and so the conveyance was without consideration. But they urged strongly the point that actual delivery of the article, and continued possession of the mortgagee, were indispensably necessary to the validity of his title ; and that the distinction between the *pignus* and the *hypotheca* of the Roman law, in respect to the requirement of delivery, which was industriously attempted to be maintained in the great case of *Ryall v. Rolle* 1. *Atk.* 164, had no foundation in principle, and was inconsistent with, and inapplicable to, the English doctrine of mortgage. *Roberts Fraud. Conv.* 555. *Portland Bank v. Stubbs* 6. *Mass.* 422. *Jewett v. Warren* 12. *Mass.* 300. *Gale v. Ward* 14. *Mass.* 352. *Tucker v. Buffington*

### Holbrook *v.* Baker.

15. *Mass.* 477. *Stone v. Grubham* 2. *Bulstr.* 225. *Cadogan v. Kennett Cowp.* 434. *Edwards v. Harben* 2. *D. & E.* 587. *Reed v. Blades* 5. *Taunt.* 212. *Doe v. Manning* 9. *East* 59. *Sturdivant v. Mitchell* 9. *Johns.* 337. *Meeker v. Wilson* 1. *Gal.* 419. 2. *Johns. Chan.* 46. *Hamilton v. Russell* 1. *Cranch* 309. The only exception is the case of a ship mortgaged ; and the reason is because the owner rarely, if ever, has possession of the property.

*Fessenden* and *Deblois,* for the plaintiff, argued in support of his title under the mortgage, that here was no actual fraud, and nothing fictitious in the appearances held out ; as the jury have expressly found. If therefore his title is not valid, it must be on the ground of legal and constructive fraud. But this is never imputed where the appearances agree with the actual state of things. Here the possession of the mortgagor is not inconsistent with the title of the mortgagee ; for it was part of the contract that it should be so, at least till the expiration of the time of credit. So it was held in the case of a conditional sale ; *Edwards v. Harben* 2. *D. & E.* 596 ; and so in case of goods bought at a sheriff's sale, and left with the debtor out of benevolence. *Kidd v. Rawlinson* 2. *Bos. & Pul.* 59. *Watkins v. Birch* 5. *Taunt.* 823. So of a mortgage of a lease for years. *Lady Lambert's case Shep. Touchst.* 67, and of money borrowed to buy goods, of which a bill of sale is given to the lender for his security. *Bull. N. P.* 258. *Cole v. Davis* 1. *Ld. Raym.* 724. The same principle of carrying into effect the honest agreement of the parties in the mortgage of chattels, without regard to the actual possession, has been the rule most generally adopted in all cases where this question has arisen. *Jarman v. Woolston* 3. *D. & E.* 620. *Atkinson v. Maling & al.* 2. *D. & E.* 462. *Bamford v. Barron ib.* 594. 10. *Ves.* 145. 1. *Ves.* 348. *Muller v. Morse* 1. *M. & S.* 355. *Meggott v. Mills* 1. *Ld. Raym.* 286. *Barron v. Paxton* 5. *Johns.* 259. *Badlam v. Tucker* 1. *Pick.* 389. *Bartlett v. Williams ib.* 288. *Holmes v. Crane ib.* 609. *Haskell v. Greeley* 3. *Greenl.* 425. And it makes no difference whether the agreement appears on the face of the instrument, or is proved *aliunde,* unless it has been fraudulently concealed. *N. Eng. Mar. Ins. Co. v. Chandler* 16. *Mass.* 279.

---
Holbrook *v.* Baker.
---

After this argument, which was had at *May* term 1827, the court took time for advisement, and its opinion was now delivered by

Mellen C. J. The jury have, by their verdict, settled the question as to the alleged fraud in the conveyance of the clock ; and we are therefore to consider it as having been made fairly and honestly, for the purposes avowed and expressed at the time ; and the only inquiries are, whether the facts relating to the possession of the clock, and the nature of the mortgage of it, furnish any objections to its validity and intended effect. It has been contended that the mortgage was void as against creditors, because *Peachy* remained in possession of the clock. Still, a formal delivery was made, and by agreement of the parties, it was suffered to continue in its usual place in *Peachy's* house. · Now it has always been held in Massachusetts and this State, that the possession of the vendor after sale is only evidence of fraud ; but is not such a circumstance as, *per se*, necessarily invalidates the sale. This is the principle in the case of an absolute conveyance ; and surely a more rigid one ought not to be applied to the case of a mortgage of a chattel. This case is not unlike that of *Atkinson v. Maling* 2. *D. & E.* 462. and *Haskell v. Greeley* 3. *Greenl.* 425. But this has ceased to be a point of any importance in the case, inasmuch as the mortgage, notwithstanding the possession remained with *Peachy*, was an honest and *bona fide* transaction.

Another circumstance relied on by way of objection is, that the mortgage was made to secure, not only the fourteen dollars then due from *Peachy* to *Holbrook*, but certain future advances. In answer to this point also, we may refer to the above mentioned case of *Atkinson v. Maling*; and *Badlam v. Tucker & al.* 1. *Pick.* 389. The verdict puts a negative upon all suggestions of any unfairness or trust between the parties. Besides, the report states that at the time of the attachment, the mortgage, and its object, were distinctly made known to the defendant. Another objection to the defence is, that the attachment was made before the sixty days had expired ; and while only a right of redemption existed in *Peachy*; the legal property then being in the plaintiff. We know of no law which author-

izes a creditor to attach or seize on execution a right to redeem a chattel. Our statute relates only to rights of redeeming real estate. This is one of the grounds of the opinion of the Court in the before cited case of *Badlam v. Tucker & al.* and the principle is there distinctly laid down as clear and undisputed; at least in those cases where the money due to the mortgagee has not been paid or tendered to him. In every view of the cause we think the instructions of the judge were correct; and there must be

*Judgment on the verdict.*