## SIEGMUND T. MEYER, Respondent, v. WM. R. GORHAM, Appellant.

A mortgage stipulating for the enjoyment of the possession of personal property by the mortgagors until breach of the condition, is invalid under the seventeenth section of our statute of frauds, as to all persons except the parties to it.

If the mortgagee took immediate and actual possession of the property in the absence of any contract concurrent or subsequent to the mortgage, conferring any greater authority than that contained in the mortgage, he cannot claim by virtue of such possession, because the covenants of the mortgage show that he was not entitled to such possession.

Under such a mortgage the mortgagee cannot claim the right of possession as against a Sheriff who has attached the property as that of the mortgagors.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

This cause was referred to Nathaniel Bennett, Esq., to try the issues joined, and report a judgment.

The facts as disclosed by the record are as follows :

On the 22d day of May, 1854, Mitchell & Nunes being indebted to the plaintiff in the sum of $7,865, executed and delivered to him a chattel mortgage upon certain personal property in San Francisco, consisting of a distillery, apparatus, fixtures, &c., a lot of lumber, and a large number of hogs; which mortgage was conditioned to pay said sum in one year from the date of the execution of the mortgage.

The mortgage stipulated that the mortgagors were to remain in possession until breach of the condition,.and that after breach the mortgagees should be empowered to enter, take possession of the said property, and sell the same.

On the day following the execution of the mortgage the plaintiff sent a person to Mitchell & Nunes with an order for the property. Mitchell showed him the property and told him to take possession.

All that was done by this person towards taking possession, to use the language of the witness who testified upon the point, was, " to count and feed the hogs and look after the other property." The property was never removed by Meyer or the agent.

On the 3d day of June following, the defendant, in his official capacity of Sheriff, attached the hogs and a portion of the other property.

It was in proof that after the execution of the mortgage until after the time the attachment was served, that Mitchell remained and slept upon the premises where the property was situated.

This suit was brought to recover the sum of $4,513, the value of the property taken by the Sheriff. The referee reported a judgment for the plaintiff for this amount.

Defendant moved to set aside the report, and for a new trial, which the Court refused, and defendant appealed.

*Geo. C. Bates, Hoge & Wilson, L. Aldrich* and *J. R. McConnell,* for Appellant.

The mortgage on its face was void as against creditors. It expressly stipulated that the mortgagors were to remain in possession until breach of the condition. Under this instrument there could be no such delivery as is contemplated by the statute. Comp. Laws, p. 201, § 17. Billings v. Billings, 2 Cal., 107. Sturtevant v. Ballard, 9 Johns., 343. Thornton v. Davenport, 1 Scam., 296. Letcher v. Norton, 4 Ib., 579. Otis v. Wood, 3 Wend., 500. Randall v. Cook, 17 Ib., 58. Bailey v. Barton, 8 Ib., 347. Tift v. Barton, 4 Denio, 194. Griffin v. Barry, 2 Coms., 371. Goodrich v. Day, 6 Hill, 438. Divier v. McLaughlin, 2 Wend., 586. 5 Sergt. & R., 275. Collins v. Brush, 9 Wend., 198. Redman v. Hendricks, 4 Hill, 271.

*H. S. Love,* for Respondent.

1. ˙ The provisions of the statute are *not* that the mortgage shall be void, if it contain a stipulation that the property is to remain in the hands of the mortgagors. No matter what the parties agree, provided in fact that there *is* an *actual and continual* change of possession of the property mortgaged. It is the *non-delivery* of the property, and not the *agreement* as to the delivery, that avoids the mortgage. Welch *v.* Whittemore, 25 Maine, 86. See note to case. 7 U. S. Digest, p. 371, Title "Mortgages." Berry *v.* Easell, 2 Gratt., 333. 17 Wend., 57. 12 Ib., 61. 9 Ib., 80. 1 Hill, 473.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The statute of frauds of this State enacts that "no mortgage of personal property hereafter made shall be valid against any other persons than the parties thereto unless possession of the mortgaged premises be delivered to and retained by the mortgagee."

The mortgage relied upon in this case stipulates for the enjoyment of the possession by the mortgagors until breach of the condition; it would, therefore, according to its terms be invalid under the statute as to all persons except the parties to it.

It is insisted, however, notwithstanding the stipulation for the retention of possession by the mortgagors that possession was actually and immediately delivered to the mortgagee, and that therefore the intent of the statute is accomplished, and the case taken without its influence. But the question here arises, by what right was possession taken by the mortgagee ? No contract, concurrent or subsequent to the execution of the mortgage is made to appear by which any greater authority was conferred than that contained in the mortgage.

The latter, by express agreement, reserves to the mortgagors a leviable estate, an equity of redemption with the right of possession until the law day of the mortgage.

The plaintiff cannot claim against the Sheriff by virtue of the mortgage, for as yet there is no breach of condition. He cannot claim by virtue of his possession, because the covenants of the mortgage show that he was not entitled to possession, and he has not shown that he was entitled in any other manner.

When this case was first submitted, the question on which the decision rests was not brought to the attention of the Court.

The judgment is reversed and the cause remanded.