## GASSNER v. PATTERSON AND TIMSON.

NEITHER the Chattel Mortgage Act of 1857, nor the amendment thereto in 1861, include furniture and fixtures of saloons among the property which may be mortgaged under its provisions.

A chattel mortgage made under the Act of 1857, and the amendment of 1861, is of no validity, except between the parties thereto, unless the provisions of the act are strictly complied with.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The mortgage which Gassner, the appellant, sought to foreclose in this action, was given for the purchase money of the billiard tables. The tables remained in Patterson's possession until purchased by Timson, when they were delivered to Timson, who was in possession when the suit was brought. The other facts appear in the opinion.

*William S. Wood* and *Winans & Hyer*, for Appellant.

Inadequacy of price, though a fact admissible in evidence to establish fraud, is never of itself sufficient to annul a sale under execution. (*Cole* v. *White*, 24 Wend. 125; *Smith* v. *Randall*, 6 Cal. 50.)

*Henry Starr*, for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to foreclose a mortgage, for eight hundred and twenty-four dollars and interest, on two billiard tables, executed by Patterson to the plaintiff, to secure the purchase money thereof. The tables had been sold by a Constable to the defendant Timson for twenty-five dollars each, on an execution against Patterson, and he claims to hold the property free of the mortgage. The evidence shows that Timson, before and after the time of his purchase, had full notice of the mortgage.

It appears that Patterson was the keeper of a saloon, and therefore it is contended that it is not such property as is subject to the

provisions of the Chattel Mortgage Act of 1857, as amended in 1861. (Stat. of 1861, 197.) The mortgage does not set out the rate of interest to be paid on the sum secured, or when or where the mortgage debt is payable. In other respects, the Chattel Mortgage Act seems to have been complied with; but the defendant Timson claims that these defects render the mortgage invalid as against him. Sec. 17 of the Statute of Frauds provides that " No mortgage of personal property hereafter made shall be valid against any other person than the parties thereto, unless possession of the mortgaged property be delivered to and retained by the mortgagee," with an exception in favor of growing crops, which it is not necessary to notice. This continued to be the law respecting chattel mortgages, up to 1857, when the stringency of its provisions were relaxed in favor of certain kinds of property, among which were " upholstery and furniture used in hotels and public boarding-houses, when mortgaged to secure the purchase money of the identical articles mortgaged, and not otherwise; " but neither this clause nor any other in the Act of 1857, or the amendment thereto of 1861, includes the furniture and fixtures of saloons among the property which may be mortgaged under that act. The first section of that act also provides that " No mortgage made by virtue of this act, shall have any legal force or effect (except between the parties thereto), unless the residence of the mortgagor and mortgagee, their profession, trade, or occupation, the sum to be secured, the rate of interest to be paid, when and where payable, shall be set out in the mortgage; and the mortgagor and mortgagee shall make affidavit that the mortgage is *bona fide,* and made without any design to defraud or delay creditors, which affidavit shall be attached to such mortgage." Sec. 3 also provides, that " No chattel mortgage shall be valid (except between the parties thereto), unless the same shall have been made, executed, and recorded, in conformity to the provisions of this act.

These provisions are plain, simple, and most imperative in their terms. The privilege of holding a lien upon certain kinds of personal property, in the possession of the mortgagor, is accorded to the mortgagee, in certain cases, upon the performance of certain conditions. These conditions are few, and easily performed, and

there need be no difficulty, with ordinary care, in fully complying with them.   But they are made essential to the validity of the mortgage.   The Courts have no right, no power, to extend the statute by construction, so as to include property not mentioned in it, or to dispense with any of the conditions the Legislature has seen fit to impose.   If we should once begin and attempt to relieve parties in cases of hardship, the law would be in danger of being frittered away, and its benefits entirely lost to the community.   The present case is perhaps one of hardship upon the plaintiff, but it is a consequence of his own oversight and neglect.   Statutes of a similar character in other States, have been so construed as to hold the parties to a strict performance of the conditions on which the validity of the mortgage depends.   (*Chenyworth* v. *Daily,* 7 Ind. 284 ; *Divver* v. *McLaughlin,* 2 Wend. 596 ; *Clayborn* v. *Hill,* 1 Wash. 177 ; *Meyer* v. *Gorham,* 5 Cal. 322.)

But the respondent insists that the defendant Timson is not a " purchaser in good faith," and therefore he cannot hold the property free of the mortgage, and refers to Sec. 15 of the Statute of Frauds. That section, however, does not apply to this case, which is governed, as we have shown, by Sec. 17 of the Statute of Frauds, and the Chattel Mortgage Act, which make no exception of that kind. They declare the mortgage void, as " against any other person than the parties thereto."   The cases referred to by the respondent's counsel, were under statutes differing entirely from our own, and are not, therefore, proper guides.

It is urged that the Constable only sold the mortgagor's interest in the property, subject to the mortgage, and therefore the purchaser took subject to the mortgage.   It appears that the Constable attempted to sell in that way ; but, failing to get any bids, he put it up at last without saying anything about the mortgage.   We do not consider that the mode of selling can make any essential difference, as the purchaser would be entitled to the property ; and whether his title was subject to the lien of the mortgage, depends upon the fact whether the lien was valid or not.   (*Hull* v. *Camley,* 1 Kern. 506.)   So the sale to Timson cannot be held void on the ground of inadequacy of price.   It seems it was the highest bid that could be obtained.   It was apparent that the purchaser would be liable to a

lawsuit with the mortgagee, which sufficiently accounts for the small sum bid. (*Smith* v. *Randall*, 6 Cal. 50 ; *Cole* v. *White*, 24 Wend. 141.) Besides, the plaintiff has not been injured in any way, by the inadequacy of price. It is the loss of the mortgagor, and not of the plaintiff.

The judgment is reversed and the cause remanded.