[No. 4,012.]

## THOMAS E. MILLER v. GEORGE F. SHARP.

CROSS-COMPLAINT.—If the defendant answers the complaint, and also files a cross-complaint asking for affirmative relief, and both parties introduce evidence on the cause of action set forth in the complaint, and submit the cause to the Court, whether the defendant shall then be permitted to re-open the cause and introduce evidence in support of the cross-complaint, is a matter resting in the discretion of the Court.

IDEM.—The Appellate Court will not disturb the action of the Court below in the exercise of such discretion, unless it is incorrectly or improvidently exercised.

CORRECTING ERROR IN FORECLOSURE SUIT.—If, after a sale under a decree of foreclosure, the sheriff reports a deficiency greater than exists, and the clerk dockets a judgment for the deficiency reported, the remedy of the party injured is by motion in the Court and action in which the foreclosure was had. He cannot, in a collateral action, question the validity of the proceedings in the foreclosure suit.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Action commenced November 22, 1870, to recover $5,463 claimed to be due for money loaned, and interest thereon. The complaint averred an accounting had January 1, 1867, and an acknowledgment in writing signed by the defendant of the amount due. The answer denied the allegations of the complaint, and then, for a separate defense, alleged a former recovery in the Fourth District Court for the same cause of action. The defendant also, by way of cross-complaint, averred that on the 8th day of February, 1868, the plaintiff recovered a judgment against the defendant for $2,262 56, and $120 costs, which judgment decreed that certain premises be sold to pay the same, and that the deficiency, after the sale, should be reported and docketed. That after the sale, the sheriff reported a deficiency of $1,536 92, and the same was docketed by the clerk, with interest at two per cent. per month. That on the 7th day of February, 1868, the plaintiff recovered another judgment against the defendant for $4,328, and $118 25 costs, which judgment also decreed the sale of certain land, and that the deficiency be reported, and that the sheriff reported a deficiency, after the sale, of $4,105 38, and the same was

docketed, with like rate of interest. That on the first judgment, when docketed, the defendant was entitled to a credit of $405 23, which the plaintiff failed to make, and on the second judgment, when docketed, the defendant was entitled to a credit of $1,599 95, which the plaintiff failed to make, and that the plaintiff afterwards had the clerk docketed a judgment for the full sum reported. That the defendant, to save his property, was afterwards compelled to redeem the same, and had to pay the sum of $7,196 38 to effect such redemption, which was an excess of $2,588 over what was justly due; that there was due only the sum of $4,608 08, which the defendant tendered, and the plaintiff refused to receive. The cause of action alleged was that by reason of the premises, the plaintiff had received to and for the use of the defendant, the sum of $2,588, and judgment was asked for the amount. When the parties had rested on the trial of the cause of action set forth in the complaint, and had submitted the same to the Court, the defendant asked leave to introduce evidence on the cause of action set forth in the cross-complaint, which the Court refused to allow. The Court thereupon rendered judgment in favor of the defendant on the issues made on the complaint, and in favor of the plaintiff on the issues raised in the cross-complaint. The defendant appealed from the judgment against him.

The other facts are stated in the opinion.

*George F. & W. H. Sharp,* for the Appellant.

When payments have been made on a judgment and not credited, and the entire amount of the judgment is collected, the defendant may recover the excess. (*McMillan v. Richards,* 9 Cal. 405, and *Fowler v. Shearer,* 7 Mass. 14.)

*L. D. Latimer,* for the Respondent.

Money paid on a judgment which remains unreversed cannot be recovered back. (*Loring v. Mansfield,* 17 Mass. 394; *Milburn v. Sproat,* 2 Gray, 431; 3 Phil. Ev. 4th Am. ed. 421, note —)

By the Court, WALLACE, C. J.:

1. It appears by the bill of exceptions that the defendant did not offer evidence in support of his cross-complaint until after both parties had respectively introduced their evidence upon the cause of action set forth in the complaint, and had submitted the cause to the Court for decision. Whether, under such cicumstances, he should be permitted to re-open the cause for the introduction of proof in support of his cross-complaint was a matter resting in the discretion of the Court below. The bill of exceptions is silent as to the circumstances attending the refusal to permit him to do so, and we cannot presume that the discretion was incorrectly or improvidently exercised.

2. But irrespective of this, we think the refusal of the Court below to hear evidence in support of the cross-complaint was correct. Its allegations are resolvable into averments that in two other actions theretofore pending between the parties, Miller obtained judgment against Sharp, directing in each case a sale of certain mortgaged premises, and the docketing against Sharp of the deficiency remaining after application of the proceeds of the mortgage sales, and that in each case the deficiency, reported by the Sheriff and docketed by the Clerk, was for more than was in fact due, and that Sharp afterward paid this excess to Miller in effecting redemption from the mortgage sales, etc. It is apparent that upon these facts the remedy of Sharp was by application directly made to the Court in which the decrees of foreclosure were rendered and under whose direction the mortgage sales were conducted. In such application the Court, upon ascertaining the alleged excess in the report of the Sheriff, might have corrected its record in that respect, so as to protect the rights of the parties. But it is not competent in this mere collateral manner to question the validity of the proceedings in foreclosure, remaining of record in the Courts in which they were entered, and evidence offered for the purpose was properly excluded.

Judgment affirmed. Remittitur forthwith.