[Department One. — April 20, 1883.]

# M. C. DUFFICY, RESPONDENT, v. A. M. SHIELDS ET AL., C. M. HITCHCOCK, APPELLANT.

CHATTEL MORTGAGE UPON UPHOLSTERY AND FURNITURE IN HOTEL TO SECURE PURCHASE MONEY. — The action was brought to foreclose a chattel mortgage upon the furniture, carpets, beds, and bedding, and all belongings of whatever nature in and to the Brooklyn Hotel in the city and county of San Francisco, and upon the unexpired term of the lease of the hotel premises, good will, and everything appertaining to the hotel, given to secure the payment of the purchase money of all the property included in the mortgage. *Held*, that the mortgage being made to secure the purchase money of other property than the furniture and upholstery used in the hotel it is void.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. E. McElrath*, and *Clement, Osment & Clement*, for Appellant.

It does not appear how much was the purchase price of the furniture, and how much that of the other items of the property. As ninety-three hundred dollars was paid, it may be, for aught that appears, that the furniture debt was extinguished. But that is unimportant. The *material* fact is that the *furniture* was mortgaged to secure the purchase money of *other* property *in addition* to that of the furniture. This is the incurable infirmity in the mortgage which vitiates it.

The provisions of the law, says our Supreme Court, "are plain, simple, and most imperative in their terms. The privilege of holding a lien upon certain kinds of personal property, in the possession of the mortgagor, is accorded to the mortgagee, in certain cases, upon the performance of certain conditions. These conditions are few, and easily performed, and there need be no difficulty, with ordinary care, in fully complying with them. But they are made *essential* to the validity of the mortgage." (*Gassner* v. *Patterson*, 23 Cal. 300, 301; Civil Code, § 2955.)

*Mastick, Belcher & Mastick*, for Respondent.

PER CURIAM. — If the mortgage in question was made to

secure the purchase money of anything besides one half of the upholstery and furniture used in the Brooklyn Hotel, it is void. (Civil Code, § 2955; *Gassner* v. *Patterson*, 23 Cal. 299.)

By the mortgage, "the mortgagor mortgages to the mortgagee his interest, being an undivided one half of all the effects and all belongings, of whatever nature or kind, of, in, and to the hotel in the city and county of San Francisco, State of California, known as the Brooklyn Hotel, Nos. 210 and 212 Bush Street, together with all the furniture, carpets, beds and bedding, etc., etc.; also, the unexpired term of the lease of said premises, good will, and all and everything connected with or appertaining to said hotel, as security for the payment to him of the sum of thirteen thousand dollars ($13,000) gold coin, on the 24th day of June, A. D. 1877, being the balance due on the purchase money of said and foregoing interest in the effects and things above mentioned, in and to the Brooklyn Hotel."

It is as clear as anything can be, from the loose manner in which the instrument is drafted, that the purchase money intended to be secured by it was the balance due of the purchase money of all the property included in the mortgage, which embraced other property than the upholstery and furniture used in the hotel.

Judgment and order reversed and cause remanded.