[No. 12556. In Bank. — June 11, 1888.]

## JAMES TREGEAR, Respondent, v. THE ETIWANDA WATER COMPANY, Appellant.

Corporation — Stock — Personal Property. — Shares of stock in a corporation are personal property.

Chattel Mortgage — Common Law — Validity between Parties. — Mortgages of personal property were valid between the parties at common law, and in many cases were held valid without change of possession in the absence of fraud, even against subsequent *bona fide* purchasers and creditors. Under our statutes, mortgages of personal property not included in the chattel mortgage act are void as against creditors and subsequent purchasers, if not accompanied by immediate delivery and actual and continued change of possession, but are nevertheless valid between the parties, as at common law.

Mortgage of Real and Personal Property — Sale under Foreclosure. — A mortgage is valid between the parties, though it includes both real and personal property, and the possession of the personal property is not delivered; and both the real and personal property may be sold under decree of foreclosure, and transferred by the sheriff's deed if no redemption is made.

CORPORATION — TRANSFER OF STOCK SOLD UNDER MORTGAGE — SHERIFF AS AGENT — PARTIES — PLEADING. — In an action to compel a corporation to transfer stock sold under foreclosure of a mortgage thereon, the mortgagor is not a necessary party. He is to be treated as the vendor of plaintiff, who sold his stock through the sheriff as agent. If the sale was not valid in fact, it is matter of defense; and if it appears from the defense that the mortgagor is a proper party, he may be ordered brought in under section 389 of the Code of Civil Procedure. The failure to join him in the complaint is not ground of demurrer.

APPEAL from the judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*H. C. Rolfe*, for Appellant.

*Charles R. Gray*, for Respondent.

SEARLS, C. J.—Plaintiff brought this action against the Etiwanda Water Company, a corporation, to compel said corporation, through its officers, to execute and deliver to him, in his name, a certificate for twenty shares of its capital stock now standing in the name of R. B. Warren on the books of the company.

The complaint shows that R. B. Warren was the owner of twenty shares of the capital stock of defendant, and was registered as the owner thereof on the books of defendant, and held and still holds a certificate therefor in his name, issued by defendant to him; that on the 18th of October, he executed a mortgage to one George Chaffey upon certain real estate, together with the stock in question, and certain other stock not in controversy, to secure the payment of a promissory note for two thousand dollars.

The note and mortgage were indorsed, and delivered to plaintiff, who, at the maturity of the note, foreclosed the mortgage, and obtained a decree of sale under which the stock in question and real estate were sold by the sheriff, and purchased by plaintiff, who received a certificate of sale, and at the end of six months, in default of redemption, a deed.

Plaintiff presented his sheriff's deed to defendant, and demanded a transfer of the stock to his name on the books of the company, and that a certificate issue to him, which, as to the twenty shares in dispute, was refused.

That Warren has no interest in the stock, but still stands upon the books of the company as a stockholder therein.

It does not appear that the certificate representing the twenty shares was ever indorsed to, held, or possessed by plaintiff or his assignor, but it still stands in the name of and is possessed by Warren.

Defendant demurred to the complaint, upon the grounds: 1. That the complaint does not state facts sufficient, etc.; 2. Defect of parties defendant in not joining Warren and the president and secretary of defendant; 3. That it is unintelligible as to what is meant by the order of sale issued upon the judgment, and in pursuance of which the sale was made by the sheriff.

The contention of appellant is: 1. That shares of capital stock of a corporation are personal property; 2. That they are not the kind of personal property that can be mortgaged.

Shares of stock in a corporation are certainly personal property.

At common law, personal property could not only be mortgaged, but mortgages of such property were in many cases held valid, without change of possession, in the absence of fraud, even against subsequent *bona fide* purchasers and creditors. (*Hulbrook* v. *Baker*, 5 Me. 309; *Bissell* v. *Hopkins*, 3 Cow. 166; 15 Am. Dec. 259; *Bucklin* v. *Thompson*, 1 J. J. Marsh. 223; *Letcher* v. *Norton*, 5 Ill. 575; *Homes* v. *Crane*, 2 Pick. 610.)

We are not aware of any case in which, independent of some statute, it has been held that a sale of personal property, and retention of possession thereof by the

vendor or mortgagor, is void as between the parties thereto.

The great contest which has been waged upon questions growing out of the retention of possession of personal property by the vendor or mortgagor after a sale or mortgage has been, not between the parties, but between the creditors of the mortgagor or vendor on the one hand, and the parties on the other.

This contest from the days of the celebrated *Twyne Case*, 3 Coke, 80, was continued in England for several generations, and resulted in an adjudication of the question in all its phases.

We inherited it from our English ancestors, and the courts of the several states have been called upon to go over much of the same ground.

In most of the states of our Union statutes have been passed setting at rest the more important questions involved in the problem.

Section 3440 of our Civil Code declares every transfer of personal property, and every lien thereon, with few exceptions, where made by a person in possession, and not accompanied by an immediate delivery, and followed by a continued change of possession, of the things transferred, to be fraudulent, and therefore void, as against creditors, etc.

The statute does not attempt to determine the effect of the transfer as between the parties, but only as to creditors, their successors in interest, trustees, etc., leaving the rule as it before existed between the parties.

The property involved here is not of the class upon which a chattel mortgage, as defined by statute, may be given. It may, however, as between the parties, be mortgaged. The fact that the mortgage included both real and personal property is of no significance.

We are of opinion that, as between the parties thereto, the mortgage of the twenty shares of the capital stock was valid and binding without the delivery of posses-

sion. It would, of course, under our statute, have been void as to creditors and subsequent purchasers in good faith for a valuable consideration, but there are no such persons here complaining.

We fail to see wherein R. B. Warren, the mortgagor, is a necessary party defendant. In equitable actions there is a marked distinction between proper parties and necessary parties defending.·

Necessary parties are those without whom no decree can be made determining the principal issues in the case.

Proper parties are those without whom a substantial decree may be made, but not one which shall completely settle all the questions which may be involved in the controversy, and conclude the rights of all the persons who have any interest in the subject-matter of the litigation.

A decree cannot bind one who is not a party to the action; and by making him a party, he may frequently be bound, and questions as to him determined which would otherwise remain open and subject to future adjudication.

Parties to the main issue or issues to be determined, and which are essential to any valid decree, are *necessary parties;* those who are only interested in subordinate or collateral questions are proper parties,—that is to say, persons who may or may not be made parties.

The failure to make the latter parties defendant is not cause for demurrer. (Pomeroy on Remedies, secs. 329 et seq.)

Warren is to be treated as the vendor of the plaintiff, who, through his agent, the sheriff, sold his stock in the corporation to plaintiff. Upon the facts as stated in the complaint, his interest in the subject-matter ceased upon the consummation of the sale as effectually as though he had in person assigned his shares to the plaintiff.

If there were any reasons why such assignment, ap-

parently valid, was not so in fact, it was a matter of defense to be set up by way of answer, and then, and on such showing, if it appeared to the court that Warren was a proper party defendant, it would have been the duty of the court, under section 389 of the Code of Civil Procedure, to order him brought in.

We are of opinion the complaint states facts sufficient to constitute a cause of action against the defendant; that there is no apparent defect of the necessary parties defendant; and that the complaint is not amenable to the charge of being unintelligible.

The practice of the courts in this state in directing the sale of encumbered property under foreclosure proceedings has not been uniform.

A copy of the decree duly certified, and which gave full directions as to the time, place, manner of sale, etc., was said to be sufficient in *Heyman* v. *Babcock*, 30 Cal. 367.

Under section 684 of the Code of Civil Procedure, a writ reciting the judgment or the material part thereof, and directing the officer to execute the judgment, by making the sale, etc., is the proper course.

By analogy to the former equity practice, this writ is usually termed an order of sale.   Plaintiff so calls it in his complaint, and, as we think, properly.

The judgment appealed from is affirmed.

McFARLAND, J., SHARPSTEIN, J., THORNTON, J., PATERSON, J., and McKINSTRY, J., concurred.