[No. 13785. Department Two. — May 13, 1892.]

IN THE MATTER OF F. L. FISCHER, IN INSOLVENCY.

CHATTEL MORTGAGE — INCLUSION OF PROPERTY NOT SUBJECT — STATUTE OF FRAUDS. — A chattel mortgage executed in good faith, upon printing-presses and material, is not rendered void *in toto* as against the creditors of an insolvent mortgagor, because of embracing personal property not subject to chattel mortgage, but if not intended to defraud creditors, is void only as to the property not subject to mortgage, of which there is no delivery and actual and continued change of possession.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion.

*William Rix,* for Appellant.

As against third parties, no lien can be created upon personal property, unless by way of pledge, except on those classes of property mentioned in section 2955 of the Civil Code. (*Berson* v. *Nunan*, 63 Cal. 552; *Gassner* v. *Patterson*, 23 Cal. 299; Civ. Code, sec. 2924.) Where a mortgage is attempted to be given upon property not mentioned in section 2955 of the Civil Code, such mortgage is conclusively presumed to be fraudulent and void against creditors of the mortgagor. (Civ. Code, sec. 3440.) A chattel mortgage which is fraudulent as to some of the property included in it is fraudulent and void *in toto*. (*Russell* v. *Winne*, 4 Abb. Pr., N. S., 384; *Mittnacht* v. *Kelly*, 3 Abb. App. 302; 3 Keyes, 409; *Goodrich* v. *Downes*, 6 Hill, 438.) The mortgage is also wholly void for a failure to strictly comply with the provisions of the Civil Code. (*Gassner* v. *Patterson*, 23 Cal. 300; *Dufficy* v. *Shields*, 63 Cal. 332.)

*Metcalf & Metcalf,* for Respondent.

Even if it be conceded that under no circumstances could the property held by the trial court to be a part of the " printing-presses and material" described in the mortgage, still the entire mortgage would not be vitiated thereby. (*Duryea* v. *Boucher*, 67 Cal. 143; *Barron* v.

*Morris*, 14 Nat. Bank. Rep. 371; *Jardine, ex parte, Mc-Manus, in re*, 23 Week. Rep. 382; C. J. B.; affirmed on appeal, 23 Week. Rep. 736; 1 Jacob's Fisher's Digest, 1371, and cases cited; *Gardner* v. *McEwen*, 19 N. Y. 123.)

Belcher, C. — On the sixteenth day of April, 1889, F. L. Fischer executed and delivered to Hermann Meese his promissory note for four thousand four hundred dollars, bearing interest at the rate of ten per cent per annum; and to secure the payment of the note, he at the same time executed and delivered to Meese a chattel mortgage upon " all the printing-presses and material situated at Nos. 310 and 312 Battery Street, in the city and county of San Francisco, state of California, belonging to said mortgagor, and more particularly described as follows, to wit." Then followed a long list or schedule of the articles intended to be covered by the mortgage, including, among others, " four tables, shelving, partition, desk, office furniture, one stove, lamps, signs, glass showcase, clock, and one iron safe." The mortgage was properly signed, acknowledged, certified, and recorded, and was accompanied by the affidavit required by the statute in such cases.

On the 24th of July, 1889, Fischer was adjudged by the superior court of Alameda County to be an insolvent debtor, and at a meeting of his creditors, held on the 26th of August following, William P. Lawlor was duly elected assignee of his estate. Thereupon Lawlor duly qualified as such assignee, and the clerk of the court assigned and conveyed to him all the estate, real and personal, of the insolvent.

On the 26th of November, 1889, Meese, under section 44 of the Insolvent Act, filed in court a petition, which was in all respects sufficient, praying that the property mentioned in his mortgage be sold, and the proceeds applied in payment of his said promissory note. To this petition Lawlor, as assignee of the estate, filed an answer contesting the validity of the mortgage as against the creditors of the insolvent.

Upon the issue thus raised, the case was tried, and judgment given and entered that all the property described in the mortgage, except the "four tables," etc., above mentioned, be sold by the assignee, and that the money realized from the sale, after deducting therefrom certain costs and disbursements, be turned over to Meese, to be applied on the debt secured by his mortgage.

From this judgment, and an order refusing a new trial, the assignee appeals; and as stated by his counsel, the only question presented for decision is: "Is the chattel mortgage given by Fischer void as against creditors, as to all the property included in it, or is it valid as to the printing-presses and material, and void only as to the rest of the property?"

Section 2955 of the Civil Code provides that mortgages may be made, among other things, upon "printing-presses and material," and when the subsequent sections are complied with, such mortgages are valid without any change of possession of the mortgaged property; and section 3440 of the same code provides that every transfer of or lien upon personal property, other than a mortgage, when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continuous change of possession, to be fraudulent, and therefore void against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any persons on whom his estate devolves in trust for the benefit of others than himself.

The contention is, that the schedule included a few articles which do not belong to any of the classes of property mentioned in section 2955 of the Civil Code, and that the mortgage of these articles was not allowed by law, and hence was void, not only as to them, but in toto.

We do not think this contention should be sustained. It is admitted that Fischer was justly indebted to Meese

in the sum named in the note, and it is not pretended that the mortgage was made with any intent to hinder, delay, or defraud any creditor, or other person, in the collection of his demands. This being so, we know of no statute or rule of law declaring the mortgage wholly void for the reason urged.

As well might it be said if one should by a single instrument transfer several articles of personal property, and the transfer should be accompanied by an immediate delivery, and followed by an actual and continued change of possession of a part only of the things transferred, that the whole transaction would be fraudulent and void as against the creditors of the transferrer, and they could claim and take from the transferee the property of which possession was taken as well as that of which it was not taken. But this, in our opinion, would be an unreasonable construction of the statute, and cannot be the law.

None of the cases cited by appellant are directly in point, and they need not be specially noticed.

We advise that the judgment and order be affirmed.

Vanclief, C., and Foote, C., concurred.

The Court.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.