[No. 19314. Department Two.—October 29, 1894.]

## SAN FRANCISCO BREWERIES, RESPONDENT, *v.* JOSEPH SCHURTZ ET AL., APPELLANTS.

MORTGAGE—REAL AND PERSONAL PROPERTY.—A mortgage covering real and personal property is valid, and may be foreclosed; and the real and personal property may be sold under the same decree.

ID.—MORTGAGE INCLUDING PERSONAL PROPERTY NOT MORTGAGEABLE.—The fact that some of the personal property included in the mortgage is not mortgageable under section 2955 of the Civil Code does not render the mortgage void as to other property covered by it.

ID.—FORECLOSURE—PLEADING—BURDEN UPON DEFENDANT.—An averment in a complaint to foreclose a mortgage that the defendant had, or claimed to have, some interest in the mortgaged property, which was subject and subsequent to the lien of the plaintiff's mortgage, is sufficient to cast the burden upon the defendant to set up and show what interest he has.

ID.—FIXTURES ATTACHED TO LEASED PROPERTY—SUBJECTION TO MORTGAGE OF LEASEHOLD.—The fixtures attached by a lessee to leased property become a part of the realty, and remain so until they are severed; and while so attached a mortgage of the leasehold estate covers the fixtures, and on foreclosure they are to be sold as part of the realty.

ID.—SALE OF FIXTURES UNDER EXECUTION.—One who purchases the fixtures under execution subsequently to the date of the mortgage of the leasehold estate acquires no interest by his purchase that is not subject and subordinate to the mortgage.

ID.—AFFIDAVIT TO CHATTEL MORTGAGE—SHOWING OF AGENCY FOR CORPORATION MORTGAGEE—ADMISSIONS OF PLEADING.—The affidavit to a chattel mortgage required by section 2957 of the Civil Code, on behalf of a corporation mortgagee, which states that it is made by the duly authorized agent of the mortgagee, and that he was authorized to do all acts for it in reference to the mortgage, is properly made by such agent; and a direct averment in the complaint, undenied by the answer, that at the time of the execution of the mortgage the person making the affidavit was duly authorized to act in regard thereto as plaintiff's agent, is sufficient proof of the agency.

TRIAL—OPENING UP CASE AFTER SUBMISSION AND DECISION—DISCRETION—ISSUE NOT RAISED.—An application to open up a case for further evidence, after the trial and submission of the case and after the ordering of findings and a decree in the case, is addressed to the discretion of the court, and, where there is nothing tending to show an abuse of that discretion, the action of the court in refusing to open up the case is not sufficient ground for a reversal of the judgment, especially where no issue was raised by the pleadings to which the offered evidence was relevant.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Wells, Monroe & Lee,* and *William Pollard,* for Appellants.

The court erred in overruling the demurrer to the complaint, as the mortgage covers furniture and other articles alleged to be in a saloon which are not subject to mortgage. (*Gassner* v. *Patterson,* 23 Cal. 299; *Stringer* v. *Davis,* 30 Cal. 318.) Even if some of the articles were the proper subject of a mortgage, yet, inasmuch as there was included property not subject thereto, the mortgage is void *in toto.* (*Dufficy* v. *Shields,* 63 Cal. 332.) Chattel mortgages are void unless made in strict conformity with the statute. (*Gassner* v. *Patterson,* 23 Cal. 299.) The affidavit to the mortgage is insufficient, as it does not appear to have been made by an officer of the corporation, and contains no allegation that the party recited therein as agent, and who signed it, was in fact the agent of the mortgagee. The fact that the mortgage was

properly drawn does not validate the mortgage if the affidavit is insufficient. (*Butte Hardware Co.* v. *Sullivan,* 7 Mont. 307; *Baker* v. *Power,* 7 Mont. 326; *Leopold* v. *Silverman,* 7 Mont. 266; *Baker* v. *Gans,* 7 Mont. 329.) Things set up by a lessee during his tenancy for the purpose of his trade remain personal property. (Hill on Fixtures, sec. 17; *Lemar* v. *Miles,* 4 Watts, 330; *Raymond* v. *White,* 7 Cow. 319; *Heermance* v. *Vernoy,* 6 Johns. 5; *Reynolds* v. *Shuler,* 5 Cow. 323.) To determine whether a chattel affixed by the lessee can be seized in execution, we have only to ascertain whether the lessee can lawfully remove it, for whatever rights and interests the lessee may have are subject to execution against him. (Freeman on Executions, sec. 114, p. 155.) Inasmuch as the right of a creditor to treat chattels annexed to freehold as personal property depends upon the right of the debtor to do so, it follows that whatever fixtures the debtor is at liberty to remove may be seized and severed by an execution creditor. (*Walton* v. *Wray,* 54 Iowa, 531; *State* v. *Bonham,* 18 Ind. 231; *Cresson* v. *Stout,* 17 Johns. 116; 8 Am. Dec. 373; *Gale* v. *Ward,* 14 Mass. 352; 7 Am. Dec. 223; *O'Donnell* v. *Hitchcock,* 118 Mass. 401.) And the purchaser at the sale has a right to enter upon the premises and remove them. (*Lanphere* v. *Lowe,* 3 Neb. 131; *Doty* v. *Gorham,* 5 Pick. 487; 16 Am. Dec. 417; *Lemar* v. *Miles,* 4 Watts, 330.)

*Deihl & Chambers,* for Respondent.

The mortgage was valid as between the parties. Under the code mortgages on personal property mentioned in section 2955 of the Civil Code, if properly executed as required by section 2957 of the Civil Code, are valid as against every one, without delivery and change of possession of the property mortgaged, and are valid against every one except the classes enumerated in section 2957, if not executed according to the requirements of that section. (Civ. Code, sec. 2957; *Harms* v. *Silva,* 91 Cal. 636.) Mortgages on personal property

not mentioned in section 2955 of the Civil Code, where there is an immediate delivery of the property mortgaged, and an actual and continued change of possession thereof, are valid against every one (Civ. Code, sec. 3440; *Woods* v. *Bugbey*, 29 Cal. 466; *Tregear* v. *Etiwanda Water Co.*, 76 Cal. 537; 9 Am. St. Rep. 245), and where there is no immediate delivery and no actual and continued change of possession thereof, said mortgages are valid against every one, except the certain special classes enumerated in section 3440 of the Civil Code, such as certain creditors and certain purchasers and encumbrancers.   (Civ. Code, sec. 3440; *Woods* v. *Bugbey*, 29 Cal. 466; *Tregear* v. *Etiwanda Water Co.*, 76 Cal. 537; 9 Am. St. Rep. 245.) The law governing the sale of personal property and a mortgage of personal property, where delivery of possession of the property is necessary to make them valid as against every one, is the same.   (*Woods* v. *Bugbey*, 29 Cal. 466; *Tregear* v. *Etiwanda Water Co.*, 76 Cal. 537; 9 Am. St. Rep. 245.)   All personal property at common law was mortgageable (*Barroilhet* v. *Battelle*, 7 Cal. 453; Jones on Chattel Mortgages, 2d ed., sec. 176), and our codes have not changed the general rule, but have, as against the special classes enumerated in section 2957 of the Civil Code, substituted the record of the mortgage in place of delivery of possession as to property mentioned in section 2955 of the Civil Code (*Martin* v. *Thompson*, 63 Cal. 4; *Berson* v. *Nunan*, 63 Cal. 550; *Beamer* v. *Freeman*, 84 Cal. 554; Jones on Chattel Mortgages, 2d ed., sec. 236), and as to all other personal property have made the delivery of the property mortgaged, and the actual and continued change of possession thereof, essential as against those certain special classes enumerated in section 3440 of the Civil Code. (Civ. Code, sec. 3440; *Tregear* v. *Etiwanda Water Co.*, 76 Cal. 537; 9 Am. St. Rep. 245.)   A mortgage covering property mentioned in section 2955 of the Civil Code, and also covering other personal property not mentioned in the section, is valid, as to the property mentioned as against every one.   (*In re Fischer*, 94 Cal. 523.)

The allegation of the complaint that the defendant has, or claims to have, some interest in or claim to the property mortgaged, or some part thereof, which interest or claim is subsequent and subject to the lien of plaintiff's mortgage, is a sufficient allegation, and, if defendant has any interest in, or claim to, the property or any part thereof, it is his duty to set it out in the answer, and not plaintiff's duty to allege it in the complaint. (*Poett* v. *Stearns*, 28 Cal. 226; *Anthony* v. *Nye*, 30 Cal. 402; *Sichler* v. *Look*, 93 Cal. 600.) As to the leasehold interest the mortgage is a real estate mortgage, and valid, notwithstanding that it includes both real and personal property. (*Tregear* v. *Etiwanda Water Co.*, 76 Cal. 540; 9 Am. St. Rep. 245.) The affidavit to the mortgage was properly executed by the agent of the corporation. (Jones on Chattel Mortgages, 2d ed., sec. 37.) All fixtures annexed to the leasehold interest are real property, and follow the leasehold interest as a matter of course, even without being mentioned, and the mortgage as to the fixtures and leasehold interest is to be construed according to the rules governing a mortgage of real property, and therefore, as to the leasehold interest and fixtures, the mortgage being a real estate mortgage and recorded among real estate mortgages, any claims of appellant as to them, being subsequent to plaintiff's mortgage, are subject to plaintiff's mortgage. (*Merritt* v. *Judd*, 14 Cal. 60; *Boyle Ice Machine Co.* v. *Gould*, 73 Cal. 153; Ewell on Fixtures, 276–81, and authorities there referred to.) Fixtures follow the leasehold. (*McNally* v. *Connolly*, 70 Cal. 3.) All fixtures pass with the freehold. (Ewell on Fixtures, 275; *Sands* v. *Pfeiffer*, 10 Cal. 258; *Fratt* v. *Whittier*, 58 Cal. 130; 41 Am. Rep. 251.)

Belcher, C.—The defendant, Joseph Schurtz, had a lease for the term of four years and two months, dated October 5, 1889, of the basement of a building known as the Wilson block, in the city of Los Angeles. He used the leased premises for the purposes of a saloon and

restaurant, and had caused to be attached to them certain personal property used in conducting his business.

On June 25, 1891, he executed to the plaintiff his promissory notes for sums aggregating four thousand five hundred dollars, and a mortgage to secure payment of the notes on his said leasehold estate and on all fixtures, improvements, and appliances, which had been attached to or made a part thereof, and also on all personal property, including a piano, used in and about said saloon and restaurant.

The mortgage was properly executed as a mortgage of real and personal property, and on the day of its date was by the mortgagee caused to be recorded in the recorder's office of Los Angeles county.

In August, 1892, the plaintiff commenced this action to foreclose its mortgage, making Henry P. Wilson the appellant, and others parties defendant, upon the ground that they had, or claimed to have, some interest in the mortgaged property, which interests or claims, it was alleged, were subsequent and subject to the lien of said mortgage.

All of the defendants, except Wilson, suffered their defaults to be entered. He demurred to the complaint, and, his demurrer being overruled, answered. The answer denied some of the averments of the complaint, and alleged that the only property subject to mortgage was the leasehold interest and the piano, and also alleged that on May 26, 1892, one Catherine Wilson recovered a judgment against Joseph Schurtz, the mortgagor, for two thousand three hundred dollars, on which an execution was duly issued and levied upon most of the property involved in this action, other than the said leasehold interest and piano; that under the execution the property levied upon was sold on June 15, 1892, and bid in by said defendant, and is now owned by him and in his possession. And the prayer was that it be adjudged that defendant is the owner of the property so bid in by him, and that no part thereof is subject to plaintiff's mortgage.

The court found that the mortgage was a valid lien on all the property described therein, "except such part of the personal property thereof as was purchased by said Henry P. Wilson at sheriff's sale on June 15, 1892, said personal property . . . . being as follows, to wit: The silverware, safe, and stock of wines, liquors, and cigars."

A decree was accordingly entered foreclosing the mortgage upon and directing a sale of all the property found to be subject to the lien thereof; and from this decree the defendant Wilson appeals.

1. In support of the appeal it is claimed that the demurrer to the complaint should have been sustained, but we think it was properly overruled. The mortgage covered real and personal property. Such a mortgage is valid and may be foreclosed, and the real and personal property may be sold under the same decree. (*Tregear* v. *Etiwanda Water Co.*, 76 Cal. 537; 9 Am. St. Rep. 245.) And the fact that some of the personal property was not mortgageable, under section 2955 of the Civil Code, did not render the mortgage void as to the other property covered by it. (*In re Fischer*, 94 Cal. 523.)

The case of *Dufficy* v. *Shields*, 63 Cal. 332, is cited for appellant as declaring a different rule from that last-above stated, and as holding that a mortgage like the one supposed is wholly void. But that case was also cited in *In re Fischer*, 94 Cal. 523, and, to the extent that it does declare a different rule, it was in effect overruled by the last-named case, and is no longer authority.

The averment that the defendant had or claimed to have some interest in the mortgaged property, which was subsequent and subject to the lien of plaintiff's mortgage, was sufficient, and it cast the burden upon him to set up and show what interest he had.

The complaint, in our opinion, stated all the facts required to constitute a cause of action, and it was not ambiguous or uncertain.

2. It is further claimed that all the property purchased by appellant at the sheriff's sale was the personal property of the judgment debtor, Schurtz, and

was subject to seizure and sale under execution against him. And it is said, quoting from Freeman on Executions, section 114: "To determine whether a chattel affixed by the lessee can be seized on execution, we have only to ascertain whether the lessee can lawfully remove it. For whatever rights and interests the lessee has are subject to execution against him."

The rule thus declared is undoubtedly correct when no intervening rights have accrued. But the fixtures attached by a lessee to leased property become a part of the realty and remain so until they are severed. While so attached a mortgage of the leasehold estate covers the fixtures, and on foreclosure they are sold as a part of the realty. (*McNally* v. *Connolly,* 70 Cal. 3; Ewell on Fixtures, 275; Jones on Mortgages, secs. 426, 435.)

The case of *Boyle Ice Machine Co.* v. *Gould,* 73 Cal. 153, is substantially on all fours with this case, and must be followed so far as the question in hand is concerned. In that case the lessees of land erected machinery thereon and mortgaged the leasehold and machinery to the plaintiff therein. Subsequently the machinery was levied upon and sold as personal property under an execution against the mortgagor. The mortgagee brought suit to foreclose his mortgage, making the administrator of the estate of the purchaser at the execution sale a party defendant. The administrator answered, setting up the execution sale and claiming to be the owner of the machinery by virtue thereof. A demurrer to the answer was sustained, and, on appeal, the ruling was held to be correct. The court said: " The defendant occupied no position superior to that of the mortgagor, Gould, and whatever interest he acquired by his purchase was subject and subordinate to the mortgage of plaintiff."

3. The point is made that, as a chattel mortgage, the mortgage sought to be foreclosed was void, because the affidavit required by section 2957 of the Civil Code, which was attached thereto, was made by one E. H.

Meyer, for and on behalf of the corporation mortgagee, and it does not appear that he was the agent of the mortgagee. A sufficient answer to this point is that the affidavit expressly states that Meyer was the duly authorized agent of the mortgagee, and was authorized to do all acts for it in reference to the mortgage; and there is a direct averment in the complaint, which is not denied by the answer, that at the time of the execution of the mortgage Meyer was duly authorized to act in regard thereto as plaintiff's agent.

4. It appears from a bill of exceptions that nearly three weeks after the case was tried and submitted, and findings and decree of foreclosure were ordered, the appellant asked leave to introduce testimony showing that Schurtz's lease had been broken and canceled; that the lessor had canceled the lease by bringing suit against him for rent due, and that from and after March 10, 1891, he had held the leased premises from month to month as a monthly tenant. The court refused to hear the offered testimony, and its ruling is assigned as error.

The ruling was proper, and must be sustained for two reasons: 1. The application was addressed to the discretion of the court (*Miller* v. *Sharp*, 49 Cal. 233; *Briswalter* v. *Palomares*, 66 Cal. 259; *Consolidated Nat. Bank* v. *Pacific Coast S. S. Co.*, 95 Cal. 1; 29 Am. St. Rep. 88), and there is nothing tending to show an abuse of that discretion. So far as appears the evidence might as well have been offered during the trial; 2. No issue was raised by the pleadings to which the offered evidence was relevant.

It follows that the decree appealed from should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the decree appealed from is affirmed.

DE HAVEN, J., McFARLAND, J., GAROUTTE, J.