## BLAIR v. SILVER PEAK MINES et al.

(Circuit Court, D. Nevada. January 28, 1898.)

### No. 642.

MORTGAGE FORECLOSURES—PLEADING—DEMURRER—LIMITATION OF ACTIONS.
One who is made a defendant in foreclosure merely because he claims some interest in the mortgaged property, without any allegation in the bill that he owes any part of the debt, or is in possession of any part of the property, or has the legal title thereto, cannot, by demurrer, set up the defense of the statute of limitations.

This was a suit in equity by John I. Blair against the Silver Peak Mines, a corporation, and L. J. Hanchett, for the foreclosure of a mortgage. The cause was heard upon demurrer to the bill of complaint.

Rush Taggart and F. E. Murphy, for complainant.
Reddy, Campbell & Metson, for defendant L. J. Hanchett.

HAWLEY, District Judge (orally). This is a suit to foreclose a mortgage executed by the Silver Peak Mines, a corporation, defendant herein, in favor of complainant, Blair, to secure the payment of seven bonds, executed October 1, 1879, aggregating the sum of $204,205.73. The Silver Peak Mines is a corporation organized and existing under and by virtue of the laws of the state of New York. The bonds and mortgage were executed in that state. The property mortgaged is situate in the state of Nevada. The Silver Peak Mines has appeared in this suit, and admits the indebtedness, and does not plead the statute

of limitations in bar of the suit. L. J. Hanchett is made a party defendant. The only averments in the complaint in relation to him are: (1) "That L. J. Hanchett is a citizen and resident of the city of Sacramento, county of Sacramento, state of California." (2) "That the defendant L. J. Hanchett has, or claims to have, some interest in, or claim upon, said premises, or some part thereof, which claim or interest is unknown to this complainant, and which interest or claim is subsequent to and subject to the lien of this complainant's mortgage." The object of the second averment is to compel Hanchett to answer, and set up his claim or interest in the premises, whatever it may be, in order that his rights, if any he has, as against the mortgage lien, may be heard and determined in this suit. Poett v. Stearns, 28 Cal. 226, 228; Sichler v. Look, 93 Cal. 600, 608, 29 Pac. 220, and authorities there cited; San Francisco Breweries v. Schurtz, 104 Cal. 420, 426, 38 Pac. 92. Hanchett, instead of answering, has appeared, and interposed a demurrer to the complaint upon the equitable ground that the complainant is not entitled to any relief by reason of laches and lapse of time, and specifically states that the cause of action is barred by the statute of limitations of the state of Nevada, where the property is situate, and of the state of New York, where the bonds and mortgage were executed. The bonds in question were made payable at different times. The latest bond became due in 1883. This suit was commenced in July, 1897. Can defendant Hanchett interpose, by demurrer, a plea of the statute of limitations? This question, to my mind, is susceptible of but one answer. He cannot. Why? Because it is not shown by any averments in the complaint that he owes the debt, or any part of it; that he is in possession of the mortgaged property, or any part of it; that he has the legal title to the property, or that he has any such interest in the property as would entitle him to interpose such a plea. The question whether Hanchett could raise the plea of limitations by answer is not directly involved, and will not be decided in advance, because the court does not know, and has no right to presume, what facts will be disclosed by the answer. But there are certain general principles of law bearing upon this question which it is deemed proper to refer to, as they have equal force in their application to the plea by demurrer as well as by answer. The rule is universal that the right to plead the statute of limitations is a personal privilege of which the debtor may or may not avail himself. He is not under any moral or legal obligation to plead the statute. If he refuses to plead it, he can not personally, either in law, equity, or good conscience, be compelled to do so. The law allows a debtor to be honest, and to pay an honest debt, however stale and ancient it may be. As a matter of fact, the Silver Peak Mines, being a foreign corporation, could not, under the laws of this state, plead the statute of limitations, even if it had attempted to do so. Robinson v. Mining Co., 5 Nev. 44, 74; State v. Central Pac. R. Co., 10 Nev. 47, 80; Barstow v. Mining Co., Id. 386; Sutro Tunnel Co. v. Segregated Belcher Min. Co., 19 Nev. 121, 125, 7 Pac. 271. Conceding, for the purposes of this opinion, that Hanchett, having an interest in the mortgaged property subsequent to the execution of the mortgage, might plead the statute of limitations, he would, nevertheless, be compelled to show, in order to make his plea available, that the suit is

barred as between the Silver Peak Mines and the complainant, Blair. The Silver Peak Mines, the debtor herein, not having interposed the plea of the statute, it is certain that Hanchett cannot plead it for that corporation, notwithstanding the lapse of time beyond the statutory period of limitations.

In Chafee v. Blatchford, 6 Mackey, 459, 482, which was a bill in equity to restrain certain proceedings by attachment, where many questions were involved concerning trust deeds, judgments, etc., and, among other things, a debt of William Sprague to one Blatchford, the complainant, Chafee, claimed that Blatchford was not a creditor, because the debt due from Sprague to him was barred by the statute of limitations. The court, touching this point, said:

"Now, this position is only good upon the theory that the debt of Blatchford has ceased to be a debt by the mere lapse of time; and that is entirely at war with the settled rules of law relating to the statute of limitations. I think it is sufficient to state it, to insure its rejection by counsel representing the complainant. The defense of limitations, as we all know, is one which it is the privilege of the debtor to make or not, as he pleases. The law does not make it for him, nor does the law pronounce any debt extinguished by virtue, merely, of the lapse of the statutory period. The debt continues the same, and may be collected or reduced to judgment, unless the defense of the statute of limitations be interposed. * * * So far as we know or can anticipate, the plaintiff in the lawsuit may obtain personal service on William Sprague, or Sprague himself may choose to appear, and allow judgment to go by default, or may forbear to plead the statute of limitations. Nobody can plead it for him. Chafee cannot appear in that suit, and plead. It is a controverted question whether he may appear in the attachment proceeding, and move to quash it, * * * but certainly he could not plead the statute of limitations to the action. Nobody could plead that, except Sprague himself, and we cannot assume any more that he will than that he will not."

In Ewell v. Daggs, 108 U. S. 143, 147, 2 Sup. Ct. 408, which was a case in some of its facts different from this, but, in so far as the essential principles of law are concerned, is identical with the case at bar, James B. Ewell and his wife gave a mortgage upon certain property to secure the payment of certain notes to one Daggs. Within three months thereafter J. B. Ewell and his wife conveyed the mortgaged premises to George W. Ewell. Upon foreclosure proceedings it was suggested by counsel that, although the plea of the statute of limitations would not avail J. B. Ewell, because judgment had been rendered against him before the bar took effect, it nevertheless was a protection to G. W. Ewell, because he was a stranger to the judgment and mortgage, and the suit now pending was not brought until after the time limited for an action to recover the debt. The court, replying, said there was no force to this objection, "for the present suit is not to recover the debt, nor is it a suit against Geo. W. Ewell. He is a party defendant because he has an interest by a subsequent conveyance in the lands sought to be sold under the mortgage. He has an equity of redemption, which entitles him to prevent a foreclosure and sale by payment of the mortgage debt; but the debt he has to pay is not his own, but that of Jas. B. Ewell. If he can show that that debt no longer exists, because it has been barred by the statute of limitations, he is entitled to do so; but he must do it by showing that it is barred as between the parties to it. If not, the land is still subject to the pledge, because the condition has not been performed. It is not to the purpose for the ap-

pellant to show that he owes the debt no longer, for in fact he never owed it at all; but his land is subject to its payment as long as it exists as a debt against the mortgagor, for that was its condition when his title accrued." See, also, Sanger v. Nightingale, 122 U. S. 176, 184, 7 Sup. Ct. 1109; Allen v. Smith, 129 U. S. 465, 470, 9 Sup. Ct. 338; 1 Wood, Lim. c. 1, § 7, pp. 24, 28; Id. c. 4, § 41, p. 96; Stoutz v. Huger (Ala.) 18 South. 126, 127; Waterman v. Manufacturing Co., 14 R. I. 43, 45; Kennedy v. Powell, 34 Kan. 22, 26, 7 Pac. 606; Bank v. Kimble, 76 Ind. 195, 203. Demurrer overruled.