[In Bank.— November 28, 1883.]

FARMERS' AND MECHANICS' BANK OF SAVINGS, APPELLANT, v. G. A. COLBY ET AL., RESPONDENTS.

PROMISSORY NOTE— CORPORATION.— A promissory note was signed as follows: G. A. Colby, Prest. Pacific Peat Coal Co.— D. K. Tripp, Sec. *pro tem.* It was indorsed by H. H. Hubbard, G. A. Colby, E. B. Dean, E. Tripp, and J. H. L. Tuck. *Held,* that it was the note of the Pacific Peat Coal Company.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

The facts appear in the opinion of the court.

*Garber, Thornton & Bishop,* for Appellant.

*Wm. H. H. Hart,* for Respondents.

PER CURIAM.— This case was heard in Department One, and an opinion filed therein April 30, 1883. Subsequently a hearing by the court in Bank was granted, which hearing has been had. We are satisfied with the reasons given and the conclusion reached by the court in Department; therefore the order is affirmed.

The following is the opinion of the court in Department One.

ROSS, J.— The note in suit is in the words and figures following : —

"$6,750.                    SAN FRANCISCO, April 21, 1875.

"On the twentieth day of April, 1876, without grace, we promise to pay to the order of H. H. Hubbard, six thousand seven hundred and fifty dollars, with interest at the rate of ten per cent per annum from date until paid, principal and interest payable only in gold coin of the government of the United States, for value received, payable at the Farmers' and Mechanics' Bank, San Francisco.

"(Signed)            G. A. COLBY, Pres't Pac. Peat Coal Co.
                "D. K. TRIPP, Sec. *pro tem.*

" [Indorsed]
        "H. H. HUBBARD,
        "G. A. COLBY,
        "E. B. DEAN,
        "E. TRIPP,
        "J. H. L. TUCK."

On this note the plaintiff sued G. A. Colby and D. K. Tripp as makers, and the other defendants as indorsers. The first question, therefore, presented, is: Is the note the individual note of Colby and D. K. Tripp, or is it the note of the Pacific Peat Coal Company?

Read as a whole, we think it apparent from its face that it is the note of the company, indorsed by the individuals Hubbard, Colby, Dean, E. Tripp, and Tuck. It is urged for the appellant that the words, "Pres't Pacific Peat Coal Co." and "Sec. *pro tem.*," are but descriptive of the persons to whose names they are respectively attached. But to this we cannot assent. Promissory notes, like other instruments, must be given that effect which accords with the obvious intent of the parties to them. The individual indorsement of the note by G. A. Colby can be readily understood when the note is viewed as the principal obligation of the Pacific Peat Coal Company, but it would be quite out of the usual order of things for Colby to indorse his own note, when he was not the payee thereof. Then, too, to hold the words "Sec. *pro tem.*" but descriptive of the person, would be to give a forced and unnatural meaning to those terms.

It is said that the Pacific Peat Coal Company could not be held liable on this note. Of course, that question cannot be determined in this action, but if the present record correctly presents the facts, it is difficult to see why not; for it there appears that the Pacific Peat Coal Company was, at the time of the execution of the note, a corporation duly incorporated; that Colby was its president, and D. K. Tripp its secretary *pro tem.*; that Colby as such president, and D. K. Tripp as such secretary *pro tem.*, were by resolution of the corporation duly authorized and directed to execute the note to Hubbard—the consideration for the note being the conveyance of certain tule lands by Hubbard to the corporation—and the indorsers other than the payee—being obtained because of Hubbard's unwillingness to accept the note of the corporation without personal indorsement. While, as already observed, the question of the liability of the Pacific Peat Coal Company is not now for consideration, the matters just alluded to certainly strengthen the view we take of the note itself.

Inasmuch, therefore, as by the note in suit Colby and D. K. Tripp did not charge themselves personally, they are not liable in the present action, which is founded strictly upon the note itself, even if they did not have the requisite authority from the corporation for its execution. (*Hall* v. *Crandall*, 29 Cal. 567.) From these views it results, we think, necessarily, that no cause of action is stated against the indorsers of the note inasmuch as no notice of the failure of the maker to pay appears to have been given them, conceding that demand was not necessary, or, if necessary, that it was made.

Order affirmed,