## MILLER v. WAY, *et al.*

1. Although an appeal from a judgment does not present questions of fact to this court for review, where a motion for a new trial is made after entry of judgment, and no appeal is taken from an order denying the same, errors of law occurring at the trial, and duly excepted to, may be reviewed on appeal from the judgment only when presented by a proper bill or statement, even though no motion for a new trial was made in the court below.

2. As between the original parties, parol evidence that does not tend to contradict the terms of a written instrument is admissible to show the true intent and meaning of the persons entering into the same, when there is something on the face of the instrument that suggests a doubt as to the parties bound, and the court cannot by inspection determine the question from the paper creating the obligation.

(Syllabus by the Court.   Opinion filed June 13, 1894.)

Appeal from circuit court, Custer county.   Hon. JOHN W. NOWLIN, Judge.

Action to recover upon a promissory note.   Plaintiff had judgment.   Defendants appeal.   Reversed.

The facts are stated in the opinion.

*Schraeder & Lewis,* for appellants.

The note is the contract of the corporation.   Farmers & Mch. Bk. v. Colby, 64 Cal. 352; Boker v. Chandler, 4 Greene, Ia. 429; Sanborn v. Neal, 4 Mun. 137; Pearson v. Post., 2 Dak. 220; Hitchcock v. Buchanon, 105, N. S. 416; Blanchard v. Kaull, 44 Cal. 448; Fowell v. Codd, 3 Buch. 581; Comp. Laws, §3996; Cook Corp. Laws § 724;   Whitney v. Wyman, 101 U. S. 392. Parol evidence is admissible to explain the circumstances under which the note was made, and the matter to which it related, and the intention of the parties. Comp. Laws, § 3562, 3563, 3564, 3551; Pearson v. Post, 2 Dak. 248;   Case Mfg. Co. v. Laxman, 138 U. S. 431; McClintock v. Hughes, 15 S. W.   200; Martin v. Smith, 3 S. 33; Babcock v. Beman, 11 N. Y. 200; Matt v. Hicks, 13 Am. Dec. 550; Hall v. Pierce, 32 Md. 327; McClellon v. Reynolds, 49 Mo. 812;   Western Pub. v. Buchanon, 51 N. W. 214;

Cook Con. Law § 724. When a corporation has received the benefit of a contract without objection it may be presumed to have authorized or ratified the same. Pittsburg Railroad v. Keokuk, 131 U. S. 371; Dobrey v. Stevens, 40 How. Pr. 341. Persons signing a note for a corporation as officers thereof do not bind themselves individually unless they use apt words to so charge themselves. Cole v. O'Brien, 51 N. W. 316; Hall v. Crandall, 29 Cal. 568; Duncan v. Niles, 32 Ill. 532; Bartlett v. Tucker, 104 Mass. 339; Blan v. Pioneer, 66 Cal. 455.

*Wood & Buell,* for respondent.

Errors of law occurring on the trial and not presented in a motion for a new trial in the trial court are held to be waived. Fitzgerald v. Brandt, 54, N. W. 994; Cheney v. Wagner, 46 N. W. 427; Manning v. Cunningham, 31 N. W. 933; Joyner v. Van Alystyne, 30 N. W. 944; Stanton v. Canefield, 10 Neb. 389; Roper v. Feris, 29 Pac. 1146; Stauther v. Fuller, 26 Pac. 471; Dryden v. Chicago, 28 Pac. 153; Walcott v. Bachman, 23 Pac. 72; Decker v. House, 17 Kan. 316; Midland v. McCarbrey, 1 Neb. 398; Detheredge v. Montgomery, 4 Bush. 46; Pogue v. State, 13 Mo. 444; State v. Richardson, 77 Mo. 539; Kent v. Lawson, 12 Ind. 675; Hallock v. Iglehart, 30 Ind. 327; Edwards v. Powell, 74 Ind. 294; Steck v. Mahar, 26 Ark. 536.

The note upon its face clearly appears to be the note of the individuals signing it. McCandless v. Canning, 78 Ia. 161; Huffuer v. Brownell, 70 Ia. 591; Wing v. Glick, 59 Ia. 473; Parker v. Mech. Inc. Co. 3 Wendall 92; Brockway v. Allen, 17 Wandell 40; Tilden v. Bernard, 43 Mich. 376; Comier v. Clark, 12 Cal. 168; Hyper v. Griffin, 89 Ill. 134; Burlingham v. Brewster, 79 Ill. 515; Davis v. England, 141 Mass. 587; Robinson v. Kanawho, 8 N. E. 583; Dutton v. Marsh, L. R. 6 S. B. 361. The note was a contract of the individuals, not ambiguous, and parol evidence is not admissible to vary or explain it. Comp. Laws, § 3545; Slawson v. Loring, 5 Allen 342; Reudell v. Harrimen, 75 Mo. 497; Deslands v. Gregory, 2 El. & El. 609.

FULLER, J. Plaintiff brought suit against defendants indivividually to recover upon the following promissory note: $2,000.00. Hermosa, D. T., Oct. 13, 1887. Two years after date, for value received, we, the directors of the Custer County Agricultural, Mineral and Stock Association, promise to pay to the order of Jacob L. Miller two thousand ($2,000.00) dollars with interest at twelve per cent. per annum, value received, interest payable annually. Signed by directors Custer Co. Agricultural, Mineral and Stock Association: A. S. Way. Thomas L. Monaghan. J. F. Baker. L. F. Straight. J. L. Buckingham. Ed. Stenger. Peter Peterson. G. C. Boland." After introducing the note in evidence, together with an endorsement thereon of one year's interest, amounting to $240, plaintiff rested his case in chief. Defendants, in support of the allegations of their answer, offered evidence tending to prove the corporate existence of the "Custer County Agricultural, Mineral and Stock Association;" that defendants were the directors thereof authorized to borrow the money, and expend the same, for the use and benefit of such association; that the same was thus used, and the action of the defendants in borrowing the money was ratified by the corporation; that the note was the note of the association, executed by the defendants and accepted by the plaintiff as such, with a full and complete understanding that plaintiff would look to the corporation, and not to the defendants personally, for the payment thereof. Upon the objection of plaintiff's counsel to the introduction of such evidence, the court withheld its ruling, and the same was received subject to a motion to strike, which was made at the close of the case, and all of defendants' evidence was excluded. The case was tried to the court, without a jury There was a judgment for plaintiff for the full amount claimed, from which the defendants appeal to this court. The motion for a new trial was made after judgment, and upon the sole ground of newly-discovered evidence material to the defendants' cause, which they could not with reasonable diligence have discovered and produced at the

trial.   No appeal was taken from the order of the court deny-
ing the motion for a new trial, and counsel for respondent con-
tend that there is nothing before this court for review.

This court has held in cases decided at this term that while
an appeal from a judgment does not present questions of fact to
this court for review, where a motion for a new trial is
made after entry of judgment, and no appeal is taken
from an order denying the same, errors of law occurring at the
trial, and duly excepted to, may be reviewed on appeal from
the judgment alone, when presented by a proper bill or state-
ment, although no motion for a new trial was made in the court
below.   Mercantile Co. v. Faris (S. D.) 58 N. W. 813; Manu-
facturing Co. v. Galloway, Id. 565; Pierce v. Manning (S. D.)
51 N. W. 332; Evenson v. Webster (S. D.) 53 N. W. 747.  Gov-
erned by these decisions, our inquiry will be limited to such as-
signments of error relating to errors of law occurring at the
trial and excepted to by counsel for defendants, as we may deem
essential to a proper determination of this case.   It is urged by
counsel for appellants that the court erred in sustaining, at the
close of the testimony, plaintiff's motion to strike out all the
evidence, parol and written, offered on the part of the defend-
ants, to prove the existence of the corporation, the official ca-
pacity of the defendants, and their authority to make the loan,
together with evidence tending to prove that it was intended
and understood by all the parties, at the time the note was exe-
cuted, that the same should be the note of the corporation, and
not the individual note of the defendants; and in rendering
judgment for plaintiff, and against the defendants, for the full
amount claimed in the complaint.   While, as a general rule,
parol evidence is not admissible to vary or explain the terms of
a written instrument, our statute makes a well-defined excep-
tion, and the doctrine seems well established that parol evi-
pence is admissible, as between original parties, when some-
thing on the face of the writing creates a doubt as to the parties
obligated, and the recitals of the instrument are such that the

court cannot by inspection determine the question as a matter of law. Comp. Laws, §§ 3541, 3554, 3562, 3564; Register Co. v. Pfister (S. D.) 58 N. W. 270; D. M. Osborne & Co. v. Stringham (S. D.) 57 N. W. 776; Baker v. Chambles, 4 G. Greene, 428; Lacy v. Lumber Co., 43 Iowa, 510; 1 Daniel, Neg. Inst. 342, 343; 1 Greenl. Ev. 282. Pearson v. Post, 2 Dak. 220, 9 N. W. 684, was an action on a breach of a written contract for the delivery of certain gold-bearing ore, a product of the "Keets Mine," the plaintiff's mill. The part of the instrument indicating the capacity in which the parties acted, and the persons obligated, is as follows: "Memoranda of an agreement made and entered into on this 16th day of July, 1887, at Central City, Dak., by and between A. W. Whitney, superintendent of the Keets Mining Company, parties of the first part, and J. B. Pearson, party of the second part, witnesseth *    *    * * [Signed] A. W. Whitney, Supt. Keets Mining Co., John B. Pearson." Judge Moody, who wrote the opinion, said: "This contract was read in evidence without objection. It was proper to explain it, so far as it could be explained, by evidence of the circumstances under which it was made, and the matter to which it related, *    *    * In the light of all these facts, the inference therefrom is not only plain, but conclusive, that it was the intention of the agent of the firm, their superintendent, their member, to bind the company; as well as that of the other party that it should be bound It follows that it was not error to admit the evidence objected to, nor to refuse the instruction asked." The case of Martin v. Smith (Miss.) 3 South. 33, was an action against Martin on a bill of exchange, in the usual form, except that Martin signed it as "Treasurer." Martin defended on the ground that he signed the instrument as treasurer, and that no personal obligation attached to him, and that these facts were known to Smith. The trial court held, on demurrer, that the terms of a bill of exchange could not be varied by parol evidence, and plaintiff had judgment against Martin for the amount of his claim. In reversing the order sus-

taining the demurrer, the court says that "generally extrinsic evidence is not admissible to vary or explain negotiable instruments, but one exception to the rule is that where anything appears on the face of the paper to suggest a doubt as to the party bound, or the character in which any of the signers acted in affixing his name, parol testimony may be admitted as between the original parties, to show the true intent and meaning of the parties." In our opinion, enough appears on the face of the bill sued on in the case at bar to bring it within this exception. In the case of McClellan v. Reynolds, 49 Mo. 312, the court held that parol evidence was admissible to show that the defendant was local director of the school district named, and that he executed the following note in his official capacity, and was not personally liable thereon: "For value received, I promise to pay A. & B. * * *, for building a school house in school district No. 3, township 51, range 21, with ten per cent. [Signed] P. T. Reynolds, Local Director."

The note in suit at least suggests upon its face the existence of the corporation, and that the defendants were officers thereof; and parol evidence tending to prove that it was not the individual note of the defendants, but the obligation of the corporation, and that it was so understood by all the parties at the time the same was executed, did not necessarily tend to vary its terms, but to explain ambiguities, to make certain that which was doubtful, and to give effect to and carry out the intention of the parties. We think the evidence offered on the part of the defendants should have been considered, as the court seems to have been unable to determine from the note itself the capacity in which the same was executed, and witnesses upon both sides were allowed to testify quite fully upon that issue, raised by the pleadings. At the close of the testimony, there was a direct conflict in the evidence upon that subject; and, in our opinion, it was error to strike out defendants' evidence, and to hold them individually liable. Had the court considered all the evidence offered by the respective parties, and

arrived at the same conclusion, a different case would have been presented; but it is unnecessary to anticipate such a cause, or to advance any views concerning the same. To the effect that parol evidence is admissible in cases like the present, and for the purpose for which the same was offered in the court below, we cite the following authorities: Manufacturing Co. v. Soxman, 138 U. S. 431, 11 Sup. Ct. 360; Babcock v. Beman, 11 N. Y. 200; Bank v. Colby, 64 Cal. 352, 28 Pac. 118; Sanborn v. Neal, 4 Minn. 137 (Gil. 83); Blanchard v. Kaull, 44 Cal. 448. From an examination of the note in suit, and a consideration of the evidence offered on the part of the defendants, we conclude that the same did not tend to vary or contradict the terms of the written instrument, but was in fact an aid to the court in arriving at a just determination of the issues raised by the pleadings. The judgment of the trial court is reversed, and the case is remanded for a new trial.