[Sac. No. 661.    Department Two.—September 21, 1900.]

JOHN McCORMICK, Appellant, v. STOCKTON AND TUOL-
UMNE COUNTY RAILROAD COMPANY and ANNIE
KLINE RIKERT, Respondents.

Action Upon Joint and Several Note—Execution by Corporation—
Genuineness of Signatures—Admissions of Answer—Denial of
Execution.—In an action upon a joint and several note, signed
by a person designated as president of a corporation defend-
ant, and by the same person designated "personally," where
the note was set out in the complaint and the delivery of it
was not denied, and there was no denial of the signatures of
the person so designated in the note, a mere denial of the exe-
cution of the note by the corporation amounts only to a de-
nial of its subscription of the instrument, which was not al-
leged, and the answer must be construed as admitting the
genuineness of the actual signatures to the note.

Id.—Evidence—Failure to Object to Note—Official Relation Ad-
mitted—Support of Finding.—The placing of the note in evidence
without objection, and with the admission made by the defend-
ants that the person who signed the note was the president
of the corporation, was in effect an admission of the genuine-
ness of signatures of such person; and it was not necessary
that the plaintiff should prove such signatures in order to sup-
port a finding that such person "made, executed, and deliv-
ered" the note to plaintiff.

Id.—Authority of President—Resolution of Board.—A resolution
of the board of directors of the corporation defendant con-
ferring on the president, as "the agent and chief executive of
the board," the power "to incur indebtedness, to negotiate
loans, to enter into contracts and agreements, . . . . and other-
wise to act as agent of the corporation," is within the pow-
ers of the board, and confers upon the president the power
to execute a note of the corporation.

Id.—By-law—Signature of Secretary.—A by-law of the corporation
providing that notes or obligations "signed officially by the
president and secretary shall be binding on the corporation"
does not necessitate the signature of the secretary in order to
bind the corporation by a note which the board has author-
ized the president to execute.

Id.—Note Binding Upon Corporation.—The joint and several note so
executed by the same person, followed by the designation of
such person as president of the corporation defendant, and
again followed by the designation "personally," clearly shows
that the first signature was for the corporation, as distinguished

from the second personal signature; and the president having power to bind the corporation, the note as signed is a clear, intentional, and legally sufficient exercise of that power, and is binding upon the corporation.

APPEAL from a judgment of the Superior Court of San Joaquin County.   Joseph H. Budd, Judge.

The facts are stated in the opinion.

Louttit & Middlecoff, and W. W. Middlecoff, for Appellant.

The resolution of the directors of March 15, 1898, fully authorized the president to execute this note. (Civ. Code, secs. 303, 305, 354, subd. 5, secs. 2296-2304; 1 Morawetz on Corporations, secs. 534-38; *Oakland Pav. Co. v. Rier*, 52 Cal. 270, 277; *McKiernan v. Lenzen*, 56 Cal. 61; *Seeley v. San Jose etc. Co.*, 59 Cal. 22; *Jennings v. Bank of California*, 79 Cal. 328[1]; *Siebe v. Joshua Hendy Machine Works*, 86 Cal. 390; *Greig v. Riordan*, 99 Cal. 316; *Bates v. Coronado Beach Co.*, 109 Cal. 160; *Hawley v. Gray Bros. etc. Co.*, 106 Cal. 337.)   The note signed by the president of the company is the contract of the corporation, and the intent to bind the corporation is plainly inferable from the terms of the instrument and a signature thereto. (Civ. Code, sec. 2337; *Farmers' etc. Bank v. Colby*, 64 Cal. 352; *Hobson v. Hassett*, 76 Cal. 203.[2])   Section 4 of article IV of the by-laws does not require that the signature of the secretary shall be present in all cases; and this note authorized by the board is not void under that by-law. (*Hawley v. Gray Bros. etc. Co., supra.*)   The by-law is only directory at most, and cannot invalidate a contract made by an authorized agent of the corporation with a third party. (4 Thompson on Corporations, sec. 5023; *Warren v. Ocean Ins. Co.*, 16 Me. 439[3]; 2 Morawetz on Corporations, secs. 673, 675.)   There is no evidence that plaintiff had notice of the by-law, and it does not bind him. (2 Morawetz on Corporations, secs. 593-98; *Underhill v. Santa Barbara etc. Co.*, 93 Cal. 300.)   As the president is shown to have owned the majority of all the stock of the corpo-

---

[1] 12 Am. St. Rep. 145.          [3] 33 Am. Dec. 674.
[2] 9 Am. St. Rep. 193.

ration, her act in giving the note was sufficient to bind the corporation. (*Underhill v. Santa Barbara etc. Co., supra; Gribble v. Columbus Brewing Co.,* 100 Cal. 67; *Bates v. Coronado Beach Co., supra;* 2 Morawetz on Corporations, 618-48.)

McNoble & McNoble, and J. J. Burt, for Respondents.

There is no proof of the execution of the note. There is no presumption of authority to sign it (*Deane v. Gray Bros. etc. Co.,* 109 Cal. 433), and the note is the personal note of Annie Kline Rikert only. (*Chamberlain v. Pacific etc. Co.,* 54 Cal. 103; *Hobson v. Hassett,* 76 Cal. 203.[4]) The trustees were a delegated body, and could not delegate all their powers to their president. (*San Diego Water Co. v. San Diego Flume Co.,* 108 Cal. 549.)

THE COURT.—Suit on promissory note of date July 30, 1898, for five thousand seven hundred and ten dollars, with interest, etc. Judgment was rendered for plaintiff against the defendant Rikert, and for the defendant corporation against the plaintiff for costs. The appeal is from the latter judgment; and the sole question involved is whether the note sued on was the note of the latter defendant.

The note is signed, "Annie Kline Rikert, Pres. Stockton and Tuolumne Co. R. R. Co. Annie Rikert Personally," and is set out at length in the complaint. The answer of the defendant corporation denies that it "made, executed, or delivered to plaintiff the promissory note" sued on. The court found that the defendant Rikert "made, executed, and delivered" the note to plaintiff; and that the defendant corporation "never made, executed, or delivered" it. It is claimed on behalf of the appellant that the evidence was insufficient to justify the latter finding.

The plaintiff's evidence on this point consisted of a resolution of the board of directors of the corporation of date March 5, 1898—conferring on the president, as "the agent and chief executive of the board," the power "to incur indebtedness, negotiate loans, to enter into any contracts or agreements, . . . . and otherwise to act as the agent of the corporation"—

[4] 9 Am. St. Rep. 193.

and the note itself, which was produced from the custody of the plaintiff, was put in evidence without objection on the part of the defendants, and with their admission that the defendant Rikert was, and ever since December 27, 1897, had been, president of the defendant corporation.

This evidence would seem to be sufficient to support the appellant's contention; but it is urged, on behalf of the respondent, in support of the finding, that there was no evidence of the genuineness of the president's signature to the note; that it did not appear that she had the power to sign it on behalf of the corporation; and that the note on its face appears "to have been the personal note of Annie Kline Rikert only."

1. With regard to the first point, we do not understand the answer of the defendant to make any issue as to the genuineness of the signature. The note is set out in the complaint, and its delivery is admitted and found. As to the execution of it, the denial is simply that it was executed by the defendant corporation; which—as the delivery of the note is admitted—amounts merely to a denial of the subscription of the instrument by the corporation (Code Civ. Proc., sec. 1933), which was never alleged. The answer must, therefore, be construed as admitting the genuineness of the note—i. e., the genuineness of the actual signatures. (Code Civ. Proc., sec. 447; Abbott's Law Dictionary, Anderson's Law Dictionary, Black's Law Dictionary, Bouvier's Law Dictionary, word "Genuine"; *Baldwin v. Van Deusen,* 37 N. Y. 489; *Cox v. Northwestern Stage Co.,* 1 Idaho, 376, 380.)

Accordingly, the court finds that Annie Kline Rikert "made, executed, and delivered" the note to the plaintiff; which is in effect a finding of the genuineness of both her signatures. Hence the finding objected to cannot be construed as a finding to the contrary. Otherwise we would have to regard it as contrary, not only to the admissions of the pleadings, but to the evidence; for the note was read in evidence without objection; and this—under the circumstances—was in effect an admission of the genuineness of the signatures. (1 Hayne on New Trial and Appeal, sec. 98.)

2. The execution of the note was clearly within the powers conferred upon the president by the resolution of March 5,

1898; and the resolution itself was within the powers of the board. (*Hawley v. Gray Bros. etc. Co.*, 106 Cal. 337; Civ. Code, sec. 2319; Morawetz on Corporations, sec. 538; *McKiernan v. Lenzen*, 56 Cal. 61.)

With regard to the point—which seems to have been urged in the court below—that under section 4 of article IV of the by-laws, the signature of the secretary was necessary to give validity to the note, it will be sufficient to say that the provision in question does not require the secretary to sign all notes and obligations, but simply that notes or obligations "signed officially by the president and secretary shall be binding on the corporation"; and that precisely the same point was involved in *Hawley v. Gray Bros. etc. Co.*, *supra*, and fully discussed in the briefs.

3. The court erred in holding that the note is not the note of the corporation defendant. It has undoubtedly been held that a note with no mention of a corporation, or other principal, in the body of it, and merely signed "John Doe, president,' or "agent," or even "president" of a named corporation, is not a note of the corporation or other principal. Such was the case in *Hobson v. Hassett*, 76 Cal. 203,[5] and *Chamberlain v. Pacific etc. Co.*, 54 Cal. 103, cited by respondent. But within the principle announced and the authorities cited in *Hobson v. Hassett*, *supra*, the note in the case at bar would clearly be the note of the corporation. In the Chamberlain case the form of the obligation in the body of the note was "I promise to pay," and there was only one signature, which was "D. P. Sackett, president" of the named corporation. In the case at bar the form of the obligation is "we or either of us promise," and the note is signed, first, "Annie Kline Rikert, Pres. Stockton and Tuolumne Co. R. R. Co.," and then below "Annie Kline Rikert personally." This clearly shows that the first signature was for the corporation, and the second for herself personally; and having power to bind the corporation, the note, as signed, is a clear, intentional and legally sufficient exercise of that power. The case is similar to that of *Farmers' etc. Bank v. Colby*, 64 Cal. 352, where the note was signed

[5] 9 Am. St. Rep. 193.

"G. A. Colby, Prest. Pac. Peat Coal Co.," and "D. K. Tripp, Sce. pro tem.," and was "indorsed" by said Colby and some other persons; and the court said: "Read as a whole, we think it apparent from its face that it is the note of the company indorsed by the individuals," and that "promissory notes, like other instruments, must be given that effect which accords with the obvious intent of the parties to them." It is not always necessary that the name of the principal shall be signed with the statement following "by the" agent, although that is no doubt the best form. In *Jones v. Clark*, 42 Cal. ·180, the form of the note was "for and on behalf of the Dardenelles Mining Company I promise to pay," and it was signed "William Rufus Longley, superintendent for the company"; and the court said: "There can be no doubt that it is binding on the partnership, provided that Longley had authority to execute it." In *Southern Pac. Co. v. Von Schmidt Dredge Co.*, 118 Cal. 368—where the signature of the president was held to bind the company, in a case not nearly as strong as the one at bar —there is an elaborate discussion of the subject and a citation of many authorities. (See Story on Agency, 9th ed., sec. 154; 1 Parsons on Notes and Bills, 90 et seq.)

The judgment appealed from is, as to the defendant corporation, reversed, and a new trial ordered.

Hearing in Bank denied.