[Civ. No. 598. Second Appellate District.—December 31, 1908.]

WILLIAM EDDY, Appellant, v. THE AMERICAN AMUSEMENT COMPANY, a Corporation, Respondent.

ACTION FOR BREACH OF CONTRACT OF EMPLOYMENT—UNCERTAIN SIGNATURE—EXHIBIT TO COMPLAINT—DEMURRER FOR UNCERTAINTY—REFUSAL TO ALLOW AMENDMENT—ABUSE OF DISCRETION.—In an action for damages for breach of a contract of employment to perform acrobatic feats for a traveling season, at a weekly salary, and to furnish a stateroom large enough for plaintiff's family, none of whom were to go in entry or on parades, when the contract was attached as an exhibit to the complaint, and was signed

"Wm. Eddy, for Eddy Family, party of the second part," and the only tenable ground of demurrer was for uncertainty of the complaint in not clearly specifying whether the contract is that of the plaintiff or of the "Eddy Family," it was an abuse of discretion for the court to sustain the demurrer without leave to amend, by averring who was the real party to the contract.

ID.—NATURE OF SIGNATURE—QUESTION OF FACT—PAROL EVIDENCE.— The question whether the signature to the contract is that of William Eddy as principal or as agent for "the Eddy Family" is one of fact, which may be established by parol evidence. Where a reading of a simple contract, however inartificially it may be drawn, discloses that it is executed on behalf of a principal, or discloses an intent to bind such principal, or leaves the matter one of doubt, parol evidence may be employed to determine whose contract it is. A contract may bind an agent, and also bind a principal in addition to the agent, and it is no contradiction of the contract to prove the agency by parol.

ID.—UNCERTAINTY REMOVABLE—AMENDABILITY OF COMPLAINT.—The uncertainty in the contract being entirely removable by parol evidence, the complaint may be amended to show who was the real party to the contract. If the cause of action be made certain in favor of the plaintiff alone, and is so established by evidence, he would be entitled to recover; and if the contract were in fact made on behalf of the "Eddy Family," this question would be squarely presented by an amendment to that effect, and the cause could thereby be determined upon its merits.

APPEAL from a judgment of the Superior Court of Los Angeles County.    George H. Hutton, Judge.

The facts are stated in the opinion of the court.

F. E. Davis, and J. W. Cochran, for Appellant.

Denis & Loewenthal, for Respondent.

TAGGART, J.—Action for damages for breach of contract. Demurrer to complaint was sustained without leave to amend and judgment entered in favor of defendant.

The complaint alleges the making of an agreement between plaintiff and defendant on December 1, 1906, whereby the former, in consideration of the payment to him of a salary of $250 per week, board and transportation, agreed to furnish to and perform at each performance given by the latter during the regular traveling season of 1907: "Two acts (only) high wire act, acrobatic act, and none of the Eddy Family to go

9 Cal. App.—40

in entry or parades. The Eddy Family are to have a real stateroom large enough for all the family in the Pullman sleeping car, and their engagement for the season of 1907 is not to be less than (30) thirty weeks (guarantee)," etc. That before the time when plaintiff was to commence to perform such duties under the contract, to wit, on or about January 24, 1907, defendant repudiated the contract. That it was then too late for plaintiff to procure employment elsewhere for the season of 1907; that he had not been able to do so, and had expended $400 in preparation to perform his part of the contract, and which he is ready, willing and able to do, but that defendant refuses to permit him. Alleges that two weeks' salary is due under the contract, or $500, and further damage in the sum of $7,000.

The copy of the contract attached to the complaint shows it to have been signed, "Wm. Eddy for Eddy Family, Party of the second part." The demurrer goes to the capacity of plaintiff to sue; defect of parties plaintiff because "the Eddy Family" is not joined; misjoinder of causes of action, to wit, of an action for wages with an action for breach of contract; ambiguity, uncertainty and unintelligibility arising from the failure to clearly allege either of said causes of action, and from the failure to clearly specify whether the contract is that of plaintiff or the contract of "the Eddy Family."

The defects upon which these several special grounds of demurrer are predicated are also urged to sustain the general ground, that there is no cause of action stated on behalf of plaintiff because of the uncertainty of the terms of the contract pleaded, and because the signature of plaintiff thereto is as agent of "the Eddy Family," and there is no obligation on the part of the latter to do or perform any act thereunder.

If the words "for the Eddy Family" were eliminated from the signature and the words, "none of the Eddy Family to go in entry or parades," and the language relating to the stateroom in the Pullman and the word "their," before "engagement," left out of consideration, the contract would be, as appellant claims, a straight contract between appellant and respondent. As to the words following the signature of "Wm. Eddy," there is nothing in the contract requiring "the Eddy Family" to perform any act or do anything which can be construed to be a consideration for the payment to plaintiff of the salary, board and transportation agreed to be paid

to, and furnished for, *him* by respondent. The reservations as to "The Eddy Family" are all matters which might be construed to relate to the accommodation of plaintiff's family when accompanying him on his travels and showing, not that they were to do any act in respondent's show, but that they were not to do certain things. The instrument, in its body, purports to be a contract between appellant and respondent, and contains no covenants which compel the construction that "The Eddy Family" are parties to the contract. The question, then (of whether the signature is that of William Eddy as principal or as agent for "the Eddy Family" is one of fact, which may be established by parol evidence. The rule is well settled that where a reading of a simple contract, however inartificially it may be drawn, discloses that it is executed for and on behalf of a principal, or discloses an intent to bind such principal, or even leaves the matter one of doubt, parol evidence may be employed to determine whose contract it is, and this even in cases where the instrument is sufficiently clear to bind the agent. It is no contradiction of a contract, which is silent as to the fact, to prove by parol that a party is acting therein not on his own behalf, but for another. It does not release the agent but binds the principal in addition to the agent. (*Southern Pacific Co.* v. *Van Schmidt*, 118 Cal. 368, 371, [50 Pac. 650] ; *McCormick* v. *Stockton etc. R. R. Co.*, 130 Cal. 100, [62 Pac. 267].)

The only ground of demurrer upon which the ruling of the trial court can be sustained, if it can be sustained at all, is that of uncertainty. This arises from the ambiguous form of the signature to, and the consideration of the references in, the contract upon the theory that it is signed "for the Eddy Family." As this uncertainty may be entirely removed by parol evidence, it cannot be said that the complaint cannot be amended to show who was the real party of the second part in the contract, and therefore, in so far as the order denied the plaintiff leave to amend, we think the discretion of the trial court was abused. If the cause of action be made certain in favor of the plaintiff alone and so established by evidence, he would be entitled to recover; and if the contract were in fact made on behalf of "the Eddy Family," this question would be squarely presented by an amendment to that effect, and the cause could thereby be determined on its merits.

Judgment reversed and cause remanded, with instructions to the trial court to vacate its order sustaining the demurrer without leave to amend, and in lieu thereof to enter an order sustaining the demurrer with leave to amend in ten days.

Allen, P. J., and Shaw, J., concurred.