[Civ. No. 2712.   Third Appellate District.—March 28, 1924.]

## H. RUMMELSBURG et al., Appellants, v. J. J. McDONALD, Sheriff, etc., et al., Respondents.

[1] CHATTEL MORTGAGES — OWNERSHIP BY PARTNERSHIP — PLEADING— PROOF.—In an action to recover upon a promissory note and to foreclose a chattel mortgage given to secure the same; where on its face the mortgage is uncertain as to whether it was given to a partnership or to the individual partners, and the complaint alleges that it was given to the partnership, it will be assumed on demurrer that this allegation is true; and if in their answer the defendants shall deny this allegation, parol proof will be admissible at the trial upon the issue thus raised.

[2] ID. — SUFFICIENCY OF AFFIDAVIT. — An affidavit to a chattel mortgage, stating that the mortgagor and the mortgagees, "each being duly sworn, each for himself, doth depose and say: That the aforesaid mortgage is made in good faith and without any designs to hinder, delay or defraud creditors," is sufficient.

[3] ID.—RECORDATION OF MORTGAGE—PLEADING.—In an action to foreclose a chattel mortgage, where the complaint alleges that certain of the defendants claim some interest therein which is subsequent

---

2.   See 5 Cal. Jur. 53.

and subject to plaintiff's mortgage, but the nature of such interest does not appear, and there is no allegation showing that said defendants are creditors of the mortgagor or subsequent purchasers or encumbrancers of the property, said defendants cannot, by demurrer, raise the question that the complaint does not show that the mortgage was recorded, but the burden is cast upon them to plead and prove their interest.

[4] ID. — CERTIFICATE OF PARTNERSHIP — PUBLICATION AND FILING— PLEADING.—In such an action, where the complaint alleges that at all the times mentioned therein plaintiffs were partners doing business under a given firm name and style, "certificate of said partnership under said name and proof of publication thereof being on file in the manner and form required by law in the office of the county clerk" of the county where the suit is brought, a demurrer for uncertainty in that it cannot be ascertained from the complaint "whether or not the certificate of partnership . . . was ever published as required by law," will not lie.

[5] ID.—OWNERSHIP OF PROPERTY—PLEADING—PRESUMPTION.—In such an action, where the complaint alleges that the mortgagor executed the mortgage in question upon the property therein described, it will be presumed, in the absence of evidence to the contrary, that the mortgagor was the owner of said property at the time of the execution of the mortgage.

(1) 22 C. J., p. 1242, sec. 1657; 31 Cyc., p. 333.   (2) 11 C. J., p. 484, sec. 129.   (3) 11 C. J., p. 725, sec. 545 (1926 Anno.).   (4) 11 C. J., p. 725, sec. 545 (1926 Anno.).   (5) 11 C. J., p. 724, sec. 544.

APPEAL from a judgment of the Superior Court of Solano County. W. T. O'Donnell, Judge. Reversed.

The facts are stated in the opinion of the court.

Francis C. McInnis and W. U. Goodman for Appellants.

Joseph M. Raines and Theodore W. Chester for Respondents.

FINCH, P. J.—This action was brought to recover the amount alleged to be due on a promissory note and to foreclose a chattel mortgage given to secure the same. The demurrer to the complaint interposed by the defendants other than Painter was sustained and judgment was entered in favor of the demurring defendants. This appeal is from the judgment.

In so far as material to the questions raised by this appeal, the complaint alleges that at the times mentioned therein H. Rummelsburg and R. Rummelsburg were partners, "doing business under the firm name and style of H. Rummelsburg & Son, certificate of said partnership under said name and proof of publication thereof being on file in the manner and form required by law in the office of the county clerk of the County of Solano"; that on the day they bear date the defendant Painter executed and delivered to "H. Rummelsburg & Son" the promissory note and mortgage on which the action is based; that the defendants other than Painter "claim some right, title or interest in the personal property described in the chattel mortgage above mentioned and referred to; that the claims of the defendants and each of them are subsequent to and subject to the mortgage of plaintiffs." A copy of the mortgage, containing a copy of the note, is attached to the complaint and made a part thereof.

[1] Respondents contend that the chattel mortgage was not given to the plaintiff partnership but to the individual partners. The mortgage recites that it is made "to H. Rummelsburg and Roland Rummelsburg, copartners, doing business under the firm name and style of 'H. Rummelsburg & Son' . . . mortgagees," and the plural "mortgagees" is employed throughout. If there were nothing else to indicate the intention of the parties it might be inferred that the words "copartners, doing business," etc., are merely descriptive, but the mortgage further recites that it is given "as security for the payment to 'H. Rummelsburg & Son' the said mortgagees." The promissory note set out therein is made payable "to the order of H. Rummelsburg & Son." The affidavit on behalf of the mortgagees is made by "H. Rummelsburg of Rummelsburg & Son, the mortgagees." The most that can be said in favor of respondents' contention is that on its face the mortgage is uncertain as to whether it was given to the partnership or to the individual partners. The complaint alleges that it was given to "H. Rummelsburg & Son." If this allegation is true, and on demurrer its truth must be assumed, then the mortgage was executed by H. Rummelsburg on behalf of and as agent of the partnership. If in their answer the defendants shall deny this allegation, parol proof will be admissible at the trial upon

the issue thus raised.  "The rule is well settled that where
a reading of a simple contract, however inartificially it may
be drawn, discloses that it is executed for or on behalf of a
principal, or discloses an intent to bind such principal, or
even leaves the matter one of doubt, parol evidence may
be employed to determine whose contract it is, and this even
in cases where the instrument is sufficiently clear in its terms
to bind the agent."  (*Southern Pac. Co.* v. *Von Schmidt
Dredge Co.,* 118 Cal. 368, 371 [50 Pac. 650, 651]; *Bean* v.
*Pioneer Mining Co.,* 66 Cal. 451 [56 Am. Rep. 106, 6 Pac.
86].)  In a case involving the question whether a promissory
note was the individual note of the signers thereof or the
note of the company of which they were officers, their sig-
natures being followed by their official designations, the
court said: "Promissory notes, like other instruments, must
be given that effect which accords with the obvious intent
of the parties to them."  (*Farmers' & Mech. Bank* v.
*Colby,* 64 Cal. 352 [28 Pac. 118]; *McCormick* v. *Stockton
etc. R. R. Co.,* 130 Cal. 100, 104 [62 Pac. 267].)

In opposition to the foregoing authorities respondents
rely on the cases of *Davidson* v. *Knox,* 67 Cal. 143 [7 Pac.
413], *Feder* v. *Epstein,* 69 Cal. 456 [10 Pac. 785], *Maclay
Co.* v. *Meads,* 14 Cal. App. 363 [112 Pac. 195, 113 Pac.
364], and *Billings* v. *Finn,* 55 Cal. App. 134 [202 Pac.
938].  There is no inconsistency between the two lines of
cases.  Those cited by respondents have to do with the ques-
tion of proper parties to actions and the manner of acquir-
ing jurisdiction over defendants, matters which must be
decided in accordance with what is done by a plaintiff
rather than by what he intended.  The cases hereinbefore
reviewed involved the interpretation of contracts, questions
in which the intention of the parties is the all-important
consideration.  *Davidson* v. *Knox* is typical of the cases
cited by respondent.  The defendants therein were described
as "Richard F. Knox, Joseph Osborne, Samuel P. Ely,
W. T. Robinson, and Philip V. R. Ely, copartners, doing
business under the firm name of Knox & Osborne."  Three
of the defendants were served with summons.  The Elys
were not served.  Section 388 of the Code of Civil Pro-
cedure provides that "when two or more persons, associated
in any business, transact such business under a common
name, . . . the associates may be sued by such common

name, the summons in such cases being served on one or more of the associates.'' The court said: ''We are of opinion that this is an action against the individual partners . . . and . . . the plaintiffs can only proceed against the parties served.''

[2] Respondents urge that the affidavit attached to the mortgage is insufficient. The body thereof reads as follows: ''Joseph E. Painter, the mortgagor in the foregoing mortgage named, and H. Rummelsburg of H. Rummelsburg & Son, the mortgagees, in said mortgage named, each being duly sworn, each for himself, doth depose and say: That the aforesaid mortgage is made in good faith and without any design to hinder, delay or defraud any creditor or creditors.'' The affidavit is sufficient. (*Modesto Bank* v. *Owens,* 121 Cal. 223 [53 Pac. 552]; *Alferitz* v. *Scott,* 130 Cal. 474 [62 Pac. 735].)

[3] The complaint does not allege that the mortgage was recorded. Section 2957 of the Civil Code provides: ''A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless . . . it is acknowledged or proved, certified, and recorded in like manner as grants of real property.'' The complaint does not show that the demurring defendants are creditors of the mortgagor or subsequent purchasers or encumbrancers of the property and, therefore, they cannot, by demurrer, question the sufficiency of the mortgage, which is valid between the parties thereto without being recorded. (*Lemon* v. *Wolff,* 121 Cal. 272 [53 Pac. 801].) The nature of the defendants' claim of interest in the mortgaged property does not appear from the allegations of the complaint. The allegation that they claim some interest therein which is subsequent and subject to plaintiffs' mortgage cast the burden upon defendants to set up and prove their interest. (*San Francisco Breweries* v. *Schurtz,* 104 Cal. 420 [38 Pac. 92].)

[4] It is urged that the allegation in the complaint of the publication and filing of the certificate of copartnership, as required by sections 2466 and 2468 of the Civil Code, is insufficient. The defendants demurred on the ground that the complaint is uncertain in that it cannot be ascertained therefrom ''whether or not the certificate of partnership

. . . was ever published as required by law." In *Spreckels* v. *Grace Darling Hosp. Assn.*, 28 Cal. App. 646 [153 Pac. 718], it was held that failure to allege such publication and filing cannot be raised by special demurrer for uncertainty but may be raised by special demurrer on the ground of want of legal capacity to sue. In *Holden* v. *Mensinger*, 175 Cal. 300, 303 [165 Pac. 950], it is said that such failure "merely subjects the complaint to the special defense of a plea in abatement." In *Amundson* v. *Shafer*, 36 Cal. App. 398, 400 [172 Pac. 173, 174], in which case a hearing was denied by the supreme court, it is said that a compliance with the provisions of sections 2466 and 2468 "need not appear upon the face of the complaint. If the fact be that the person maintaining such an action has not complied with the sections mentioned, the point may be presented as a defense by way of plea in abatement." It may be stated further that the demurrer herein was not sustained on the ground here urged. The order sustaining the demurrer reads as follows: "In the above-entitled action, as to the demurrer of certain defendants directed to the point as to whether the mortgage was given to the partnership it is ordered that the said demurrer be sustained."

[5]  It is urged that the complaint does not allege that Painter had any interest in the property at the time of the execution of the mortgage. In *Sielbeck* v. *Grothman*, 248 Ill. 435 [21 Ann. Cas. 229, 94 N. E. 67], it is said, although the statement is not necessary to the decision, that in a foreclosure proceeding "the bill should allege the title of the mortgagors in the mortgaged premises. (1 Wiltsie on Mortgage Foreclosures [1899 ed.], sec. 276.)" In the section cited it is said: "It is not necessary to aver in so many words that the defendant has title to the mortgaged premises; it is sufficient to aver the making of the mortgage." In Jones on Mortgages, seventh edition, section 1454, it is said: "An allegation of the execution of the mortgage is also sufficient without any averment of title in the mortgagor. He is estopped by his deed from denying his title." It is a disputable presumption "that a person is the owner of property from exercising acts of ownership over it." (Code Civ. Proc., sec. 1963, subd. 12.) In *Henke* v. *Eureka Endowment Assn.*, 100 Cal. 429 [34 Pac. 1089], the court said: "The first contention of appellant is that no con-

66 Cal. App.—25

sideration is alleged in the complaint for the execution by defendant of the agreement upon which a recovery is sought. Section 1614 of the Civil Code provides that 'A written instrument is presumptive evidence of a consideration.' It is a familiar rule of pleading under our code system that every fact which a plaintiff will be called upon to prove at the trial must be averred in his complaint. It is equally a rule that presumptions of law should not, or at least need not, be stated. When the plaintiff averred in her complaint that the defendant executed a contract in writing wherein it promised, at a given date, to pay her a certain sum of money she stated facts from which the law presumed a consideration, hence it was unnecessary to aver it specially." In this case the complaint alleges that Painter executed the mortgage in question upon the property therein described, and from the exercise of such act of ownership the law presumes, in the absence of evidence to the contrary, that he was the owner of the property.

The judgment is reversed, with directions to the trial court to overrule the demurrer and give the demurring defendants a reasonable time to answer.

Plummer, J., and Hart, J., concurred.